MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiff-appellant Brashear Bolton, Inc., has taken the instant appeal from the Hamilton County Municipal Court's entry granting defendant-appellee David Schneider's Civ.R. 60(B) motion seeking relief from the default judgment entered for Brashear Bolton on its complaint. We have sua sponte removed this case from the accelerated calendar.
Brashear Bolton advances on appeal a single assignment of error, in which it contends that the trial court abused its discretion in granting Schneider relief from the default judgment. We agree.
To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must show:
 (1) that he "has a meritorious defense or claim to present if relief is granted;"
 (2) that he "is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5);" and
 (3) that "the motion [was] made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
The court below entered default judgment for Brashear Bolton on July 19, 1996. On July 22, 1997, Schneider filed his motion seeking relief from judgment under Civ.R. 60(B)(1) on the ground of "excusable neglect." July 19, 1997, the date exactly one year from the date of the default judgment, fell on a Saturday. Civ.R. 6(A), therefore, operated to extend the one-year period for filing a Civ.R. 60(B)(1) motion, but only to July 21, 1997. Schneider's Civ.R. 60(B)(1) motion, filed one day later, was thus not timely filed.
We, therefore, hold that the trial court abused its discretion in granting Schneider relief from the July 19, 1996, entry of default judgment. Accordingly, we reverse the judgment entered below and remand this matter with instructions to the municipal court to enter judgment denying Schneider's motion for relief from judgment and to reinstate the default judgment in favor of Brashear Bolton.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
 Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________.
Presiding Judge