MEMORANDUM DECISION
On May 14, 1998, this court, by way of a memorandum decision dated May 12, 1998, denied relator, Milton Cotton's request for a writ of mandamus. On July 14, 1999, relator, proceeding pro se, filed a motion for relief from judgment pursuant to Civ.R. 60(B). In his motion, relator appears to be claiming that he was prevented from fully and fairly presenting his case because of an unresolved discovery dispute with respondent. Respondent has failed to respond to the motion for relief from judgment.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time. GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In the mandamus action, relator contended that a parole revocation hearing was never conducted after a 1988 conviction was reversed by the Cuyahoga County Court of Appeals. Relator sought a writ of mandamus to compel respondent to conduct a parole revocation hearing. Among other reasons, this court denied the writ because it was uncontested that relator had already been paroled as a result of the vacated case. State of Ohio ex rel.Milton Cotton v. Margarette Ghee (May 12, 1998), Franklin App. No. 97APD06-798, unreported (Memorandum Decision at 3). Relator has not disputed this essential fact and, accordingly, has failed to establish a meritorious claim under the first prong of the GTE
test.
Based on the foregoing, relator's motion for relief from judgment is denied.
Motion for relief from judgment denied.
BRYANT and TYACK, JJ., concur.