I concur with the judgment in Parts I, II, III, IV, V. B, and VI and VII of the majority opinion but respectfully dissent from Part V. A of the opinion. Instead of vacating the award of statutory interest, I would modify the judgment entry of Judge James P. Celebrezze to provide that the interest on the home obligation was to begin on the date the judgment entry became available.
I cannot agree with the majority's complete eradication of the judge's award of interest. First, in so doing, the majority has created a new standard for Civ.R. 60 (B). A displeased party may now claim relief from judgment by asserting his lawyer did not "reexamine" a proposed judgment entry because the lawyer did not believe some wording would be changed. In Ohio, the failure by an attorney to read a document is not excusable neglect entitling a party to relief from judgment. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph 4 of the syllabus ("As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60 (B) (1).") Second, the majority eradicates the award of interest because the date designated for the interest calculation was contrary to law. I believe that the vacation of the award is unwarranted since the court had the authority to award interest.
I agree with the majority that interest begins to run when a sum is due and payable, but the award of interest in this case was proper. The appropriate argument that would support Mr. Gourash's relief from judgment is that the judge did not have the statutory authority to award interest prior to the date of the judgment entry. I would modify the judgment to provide that the interest would begin to accumulate from the date the judgment entry was in effect.