OPINION
Defendant-appellant, Charles Straker, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his Civ.R. 60(B) motion. Because the trial court properly denied the motion, we affirm the judgment of the trial court.
On May 14, 1998, plaintiff-appellee, Pamela S. Straker, filed a complaint for divorce. Attached to the complaint was a prenuptial agreement she and defendant had entered into a day before their marriage in July 1991. By her complaint, plaintiff sought divorce, enforcement of the prenuptial agreement, the award of temporary and permanent spousal support, her separate property, and the equitable division of marital property and marital debt.
At the same time, plaintiff filed a motion for a temporary restraining order, a request for production of documents, and a motion for "temporary alimony" of $5,000 per month. By judgment entry filed the same day, the trial court granted plaintiff a temporary restraining order against defendant. On May 19, 1998, defendant also moved for a temporary restraining order, as well as a change of venue. By entry filed the next day, the trial court granted a temporary restraining order for defendant against plaintiff.
On June 11, 1998, the parties settled many of the preliminary matters by entering into a memorandum agreement, the terms of which were incorporated into an agreed judgment entry filed on June 22, 1998. Pertinent to this appeal, both the memorandum of agreement and the agreed judgment entry provided that the prenuptial agreement was fully valid and enforceable.
Thereafter, defendant filed an answer to plaintiff's complaint, as well as a counterclaim seeking divorce from plaintiff. As the case progressed, the parties recognized an issue in applying the prenuptial agreement: plaintiff contended the proceeds of separate properties sold during the marriage and then reinvested were marital property, while defendant contended under the prenuptial agreement they were not. Following briefing on the issue, the trial court ruled in favor of defendant. Following communication between counsel for plaintiff and defendant, the parties were able to agree to a resolution of the case, and on September 13, 2000, an Agreed Judgment Entry — Decree of Divorce was filed.
Some five months later, defendant filed a Civ.R. 60(B) motion contending he was entitled to approximately $12,000 from plaintiff related to the marital residence. Plaintiff responded with a motion to dismiss defendant's motion, and on June 23, 2000, the trial court filed a judgment entry overruling defendant's motion.
Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT MADE PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
 II. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
Defendant's first assignment of error asserts the trial court erred in failing to conduct an evidentiary hearing on his Civ.R. 60(B) motion to vacate the parties' agreed judgment. The trial court's judgment entry, however, states:
 This matter is before the Court on Defendant's Motion for Relief from Judgment filed February 25, 2000 and Plaintiff's Motion to Dismiss Defendant's Motion for Relief from Judgment filed March 27, 2000. This matter came for hearing on April 26, 2000. Counsel waived their right to a hearing, and requested that the Court decide the matter on the pleadings. (Emphasis added.)
Because the record does not contain a transcript of the proceedings before the trial court, defendant can point to nothing to support his contention that he did not waive an evidentiary hearing on his Civ.R. 60(B) motion. Given the trial court's pronouncement, and the lack of any materials in the record to contest it, defendant's contentions under the first assignment of error are unpersuasive. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court erred in failing to grant Civ.R. 60(B) relief. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Defendant's motion was pursuant to Civ.R. 60(B), which provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *.
Defendant premises his argument on the language from the prenuptial agreement, which the parties stipulated was valid and enforceable:
 SEVENTH: (B) In the event that the marriage of the parties should end while both parties are living as a result of a divorce, legal separation, dissolution or other legal proceedings, the parties agree as follows with respect to the Joint Property:
* * *
 (2) Notwithstanding the foregoing, the party who continues to reside in the principal residence shall be responsible for continuing to pay all mortgage, taxes, and insurance payments thereon from the date that only one party resides in the principal residence (both prior to and after a divorce, legal separation, dissolution or other proceeding) until such principal residence is sold (as described below); provided, however, that the party that does not reside in the principal residence shall be required to pay to the party who continues to reside in such principal residence one-half of all mortgage, taxes, and insurance payments. Utility expenses shall be the sole responsibility of the party residing in the principal residence. If either party does not have sufficient funds to make such mortgage, taxes, and insurance payments, then the other party may make such payments on behalf of such party who does not have sufficient funds and such party making the payments may recover any amounts so paid from the proceeds of the sale of such principal residence (as described below). The party who continues to reside in the principal residence shall use his or her best efforts to sell the principal residence within six (6) months after the other party moves out of the principal residence, and upon such sale, the sales proceeds shall (i) be used to pay off any outstanding mortgage or other encumbrance, (ii) be used to repay the party who paid any mortgage, taxes, or insurance payments on such principal residence on behalf of the party, and (iii) then be divided equally between Charles and Pam. (Emphasis added.)
Without question, plaintiff vacated the residence in Zanesville. While she received a sum of money representing her equitable interest in the property after its sale, defendant contends he did not deduct any reimbursement for interest or other payments made regarding the real estate. As a result, he contends plaintiff owes him $12,020.25. He buttresses his argument with a stipulation entered on the record on July 16, 1999, which discusses the marital residence and concludes by stating:
 The parties agree that the transaction pertaining to said real estate shall in no way operate with prejudice as to any expenses or obligations as may be owed by either Plaintiff or Defendant regarding any portion of the Prenuptial Agreement and any such adjustments can and must be made either by agreement or by court order, at the time of the final trial. (Emphasis added.)
Relying on those provisions, defendant contends he has shown excusable neglect or mistake, contending that "the omission of or failure to deal with a marital asset is appropriate for Civ.R. 60(B) relief." (Defendant's brief, p. 10.) In support, defendant relies on Milhon v.Milhon (Dec. 21, 1989), Franklin App. No. 90AP-1111, unreported. Milhon, however, does not aid defendant. Rather, Milhon stated that "[r]elief from judgment pursuant to Civ.R. 60(B)(5) may be available when a marital asset is overlooked by parties to a divorce who were unaware of its existence and, therefore, did not include it in the property division." Because in Milhon neither of the parties was aware that the wife had an ownership interest in the parcels of land at issue, which were not referred to in the wife's complaint for divorce, in the husband's cross-complaint, in the discovery process, or in the in-court settlement agreement or final divorce decree, the court concluded Civ.R. 60(B)(5) relief was appropriate.
By contrast, as the trial court noted, the record here indicates both parties were well aware of the issue subject of defendant's Civ.R. 60(B) motion. Not only did the stipulation of July 16, 1999 reference the matter, but so did correspondence between counsel for the parties leading up to the final Agreed Judgment Entry — Decree of Divorce. While the stipulation states that the matter must be determined either by settlement or at trial, the matter did not proceed to trial. Rather, it was concluded by agreement, and parties responsible for negotiating the agreement between them did not include the money defendant now seeks. To defendant's detriment, the record does not suggest the omission was by mistake or excusable neglect, as the parties' correspondence reflects both an awareness of the issue, and a lack of agreement in resolving it. Indeed, nothing subsequent to the negotiated settlement here indicates a subsequent recognition that the money subject of defendant's Civ.R. 60(B) motion was inadvertently deleted from the Agreed Judgment Entry — Decree of Divorce. Accordingly, the trial court correctly concluded defendant failed to bear his burden under Civ.R. 60(B). The trial court thus properly denied defendant's motion. Defendant's second assignment of error is overruled.
Having overruled both of defendant's assigned errors, we affirm the judgment of the trial court.
LAZARUS and DESHLER, JJ., concur.