OPINION
In 1987, Cheryl Pledgure was adjudicated incompetent due to injuries she received in an automobile accident. Lora Goutras was the court appointed trustee of two trusts for Ms. Pledgure.
On January 14, 1998, Ms. Pledgure gave birth to Asia Pledgure at Mercy Medical Center, appellee herein. Asia remained in the hospital through April 14, 1998. The total hospital bill amounted to $126,732.97.
Appellee applied for a Medicaid recipient's number for Asia which was granted based upon the finding that Asia had met the eligibility requirements. The grant was back dated to February 1, 1998. Medicaid paid appellee $76,059.29 for services rendered from February 1, 1998 to April 14, 1998.
On December 21, 1998, appellee filed a complaint in the Court of Common Pleas of Stark County, Ohio, Probate Division, for monies due and owing in the amount of $56,197.77 for medical services rendered. The complaint was subsequently transferred to the General Division on March 2, 1999.
On March 25, 1999, Ms. Pledgure died. Appellant, Lora Goutras, as Administratrix of the Estate of Cheryl Pledgure, was substituted as defendant.
On November 29, 1999, appellee filed a motion for summary judgment. By judgment entry filed February 22, 2000, the trial court granted said motion and awarded judgment to appellee in the amount of $53,041.02.
On February 25, 2000, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). By judgment entry filed October 25, 2000, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT BY FAILING TO HOLD AN EVIDENTIARY HEARING REGARDING DEFENDANT/APPELLANT'S CLAIM OF MISCONDUCT OF PLAINTIFF/APPELLEE A MEDICAL SERVICES PROVIDER WHO HAD APPLIED FOR AND ACCEPTED MEDICAID PAYMENTS AND "BALANCE BILLED" IN VIOLATION OF THE PROHIBITION OF DOING SO AS PROSCRIBED BY OHIO ADMINISTRATIVE CODE § 5101:3-1-60 "MEDICAID REIMBURSEMENT", § 5101:3-1-172 "PROVIDER AGREEMENT"; 5101:3-1-131(A) "PAYMENT IN FULL PROVISION" WHICH IS THE FACTUAL BASIS FOR THE MISCONDUCT PER THE CIV.R. 60(3) MOTION FOR RELIEF FROM JUDGMENT.
 II THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN DENYING DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE CREDIBLE EVIDENCE WAS A MATTER OF RECORD IN THE DEPOSITION OF PLAINTIFF/APPELLEE'S EMPLOYEE ADMITTING THE PROSCRIBED MISCONDUCT WHICH HAD BEEN FILED WITH THE TRIAL COURT FROM AND SINCE MARCH 3, 2000(WITHOUT WEIGHING EVIDENCE OR DETER MINING AT HEARING THE CREDIBILITY OF THE WITNESS) AND THAT:
 SUCH DEFENSES QUALIFY AS GROUNDS FOR RELIEF UNDER RULE 60(B)(3) AND (5); AND
 THE MOTION FOR RELIEF FROM JUDGMENT WAS TIMELY FILED; AND
 THE MOTION FOR RELIEF FROM JUDGMENT WAS ON REMAND BY THIS COURT BY JUDGMENT ENTRY OF OCTOBER 15, 2000 IN CASE NUMBER 2000-CA-00082 MERCY MEDICAL CENTER V. LORA L. GOUTRAS, ADMINISTRATRIX OF THE ESTATE OF CHERYL L. PLEDGURE.
 I
Appellant claims the trial court erred in failing to hold an evidentiary hearing on her Civ.R. 60(B) motion. We disagree.
The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in Cogswell v. Cardio Clinic of Stark County,Inc. (October 21, 1991), Stark App. No. CA-8553, unreported. InCogswell, this court held under Civ.R. 60(B), a hearing is not required unless there exists issues supported by evidentiary quality affidavits.
Appellant's Civ.R. 60(B) motion was based upon mistake, misconduct by appellee and equity.[1] The defenses raised in the Civ.R. 60(B) motion and sub judice were not raised at the time that the trial court was considering the summary judgment motion.
Attached to appellant's Civ.R. 60(B) motion were numerous exhibits, including counsel's affidavit, case law and the deposition of Jami Offenberger, appellee's manager of credit and collections. In response, appellee argued the newly presented defense raised by the Civ.R. 60(B) motion was untimely, and offered the affidavit of Ms. Offenberger. The affidavit was consistent with the testimony in the deposition. There were no facts in dispute.
Appellant does not contest that appellee provided medical services, but argues appellee is prohibited from collecting the unpaid balances on Medicaid reimbursement.
Because the issue raised in the Civ.R. 60(B) motion was an issue of law, with no actual facts in dispute, we find the trial court did not err in ruling without conducting a hearing.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying the Civ.R. 60(B) motion. We disagree.
In GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Appellant predicated its Civ.R. 60(B) motion on mistake and fault of appellee, and a request founded in equity. Appellant raised for the first time in the motion that appellee was precluded from seeking additional payment once Medicaid made a payment for the services rendered. In support, appellant cited Ohio Adm. Code 5101:3-1-172 under "Provider Agreement" which states as follows:
 A `Provider Agreement' is a contract between the Ohio department of human services and a provider of medical assistance services in which the provider agrees to comply with the terms of the `Provider Agreement,' state statutes and ODHS Administrative Code rules, and federal statutes and rules, and agrees to:
 Ascertain and recoup any third-party resource(s) available to the recipient prior to billing the Ohio department of human services. The Ohio department of human services will then pay any unpaid balance up to the lesser of the provider's billed charge or the maximum allowable reimbursement as set forth in 5101:3 of the Administrative Code.
 Accept the allowable reimbursement for all covered services as payment-in-full and, except as required in paragraph (C) of this rule, will not seek reimbursement for that service from the patient, any member of the family, or any other person.
In addition, appellant cited the United States Sixth Circuit Court of Appeals case of Barney v. Holzer Clinic, Ltd. (1997), 110 F.3d 1207,1210-1211, wherein the court held the following:
 In Ohio, however, all Medicaid payments flow from the state directly to the medical provider; a provider is absolutely barred from requesting any payment from patients for treatment provided under the program. See Ohio Admin. Code § 5101:3-1-131(A) (`The department's payment constitutes payment-in-full for any covered service. The provider may not bill the recipient for any difference between that payment and the provider's charge. The provider may not charge the recipient any copayment, cost-sharing, or similar charge. The provider may not charge the recipient a down payment, refundable or otherwise.'); Id. § 5101:3-1-60(A); Sparks v. Sawaya, 9 Ohio App.3d 275, 459 N.E.2d 901, 903 (1983) (`Additional payments cannot be accepted from the recipient or her family after the patient is accepted as a medicaid patient, and the patient cannot be billed for additional amounts in excess to that received from medicaid. . . . The patient may not file for medicaid benefits. Only the provider can do that.'). Medical providers may not bill patients for treatment under the program unless they have explicitly agreed prior to treatment that the patient will personally be liable, even if the providers themselves cannot get reimbursement from the state. Ohio Admin.Code. § 5101:3-1-131(C), (D). Cf. In re Helman, 61 Ohio Misc.2d 382, 579 N.E.2d 542, 544 (Ct.Cl.1989) (applying exception to law).
Appellee does not dispute the law cited supra, but argues it is entitled to collect for care provided during uncovered periods. In her deposition at 27-28, Ms. Offenberger explained the following:
 Are you familiar with the fact that once Medicaid makes a payment that that is considered, when you accept that that's considered as payment in full? When Medicaid pays a hospital that is considered as payment in full?
 On covered charges. Covered eligibility dates, yes.
* * *
 Are you familiar with the provisions of Ohio Administrative Code 5101:3-1-131(A) that says that the Department's payment, referring to Ohio Medicaid, constitutes payment in full for any covered service and the provider may not bill the recipient for any difference between that payment and the provider's charge?
* * *
 Yeah, I mean, if you would ask me those numbers I would say no, but if you would ask me the content of what that is stating, I am familiar with how that works.
 Okay. And you're saying after you referred my letter, Exhibit 1, to Tim Sheiler yesterday and he reviewed that and you spoke to the other attorney from Dreyfuss Company this morning, they gave you an opinion —
Yes.
 — that it was proper for the hospital to sue on this bill for Asia Pledgure; is that correct, or that you had done everything correctly?
 Yes, on the noncovered charges on noncovered eligibility days.
It is undisputed that medical services were rendered to Asia Pledgure from January 14, 1998 to April 14, 1998. Appellee affirmed Medicaid was collected for services rendered from February 1, 1998 to April 14, 1998. Appellee is not attempting to collect for the unpaid charges during said period, but for the period from January 14, 1998 to January 31, 1998.
Asia was eligible for Medicaid on February 1, 1998 as evidenced by the Department of Human Services verification, Defendant's Exhibit 13. It is unchallenged that the cost of services for Asia from January 14, 1998 to January 31, 1998 amounted to $47,941.93, and the cost of services for Ms. Pledgure amounted to $5,099.09. See, Offenberger Affidavit and Statement of Account, attached to Appellee's Motion for Summary Judgment filed November 29, 1999.
The issue raised is whether the payment of services from February 1, 1998 to April 14, 1998 obviates appellant's obligation for services rendered from January 14, 1998 to January 31, 1998. We conclude, as did the trial court, that given the state of the undisputed evidence, appellant cannot fulfill the meritorious claim provision of the GTEAutomatic test.
Upon review, we find the trial court did not err in denying the Civ.R. 60(B) motion.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
 ______________________________ By Farmer, J.
Gwin, P.J. and Edwards, J. concur.
[1] Judgment sub judice was made via summary judgment, Civ.R. 56. The summary judgment motion was predicated on an unsettled account and parental liability. Appellant's response to the summary judgment motion claimed material facts as to Ms. Pledgure's competency and the amount actually due.