[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This case arose over the sale of a bar in Clifton. Plaintiff-appellant Clifton Yacht Club filed a complaint against defendant-appellee Sean Loring and co-defendant Joseph Tepe. Tepe was served with the complaint, but both sides agree there was no service on Loring. Attorney Sharri Rammelsberg filed an answer on behalf of both Tepe and Loring. Both sides and Rammelsberg agree that she never spoke to, had contact with, or was personally authorized to act as an attorney on behalf of Loring. Rammelsberg was told that she represented a partnership, and she therefore assumed that she represented both defendants as partners. A trial was held without Loring's knowledge, and a judgment was entered against both Loring and Tepe. Loring filed a motion to vacate the judgment pursuant to Civ.R. 60(B), which was granted by the trial court. The court then ordered Clifton Yacht Club either to deposit the funds collected from Loring with the clerk of courts or to post a bond in the amount of the money obtained. Clifton Yacht Club (hereinafter, "appellant") raises two assignments of error, neither of which we find to be well taken.
In the first assignment, appellant asserts that the trial court erred in granting the Civ.R. 60 (B) motion. It claims that Loring and Tepe were partners and that the complaint was properly served on one of the partners. Moreover, appellant maintains that the answer was filed on behalf of both of Tepe and Loring as partners.
A motion for relief from judgment should not be overturned on appeal absent an abuse of discretion.[1] In order to prevail on such a motion, a defendant must show the following: (1) there is a meritorious defense to present; (2) the motion was filed within a reasonable time or, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment; and (3) the defendant is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5).[2]
Loring asserted several meritorious defenses in support of his motion. Also, the record does not show any delay in filing the motion, and it was filed well within one year of the underlying judgment. Finally, Loring argued that there was excusable neglect in that he did not know of the lawsuit until after the judgment was entered, as he was never served with the complaint. Loring testified at the hearing on the motion that an attorney did not represent him at trial, as he never had any contact with the attorney who proported to represent him. Under these circumstances, we cannot say that the trial court abused its discretion in granting the Civ.R. 60(B) motion.
Regarding appellant's claim that Loring was served and represented as a member of the partnership, we note two things. First, the record shows that there was a factual dispute as to the existence or at the nature of the partnership. Second, and more important for our purposes, our review of the record reveals that both Loring and Tepe were sued individually, not as a partnership. Nowhere in the complaint were they referred to as partners or a partnership. So each one of them had to be served individually, and all admit that service was not made on Loring. This assignment is overruled.
In the second assignment of error, appellant maintains that the trial court erred in ordering appellant to deposit with the clerk any sums collected from Loring or post a bond in that amount. Since both the trial court and this court have found that the judgment against Loring was not valid, we cannot say that the trial court abused its discretion in issuing the challenged order.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122,1123-1124.
[2] See GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1994),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.