DECISION
Terry G. Mayle, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court denied appellant's motion for a new trial finding that the evidence appellant claimed to be newly discovered was not newly discovered.
In the early morning hours of April 1, 1990, Raymond Seel, Jr., was severely wounded by a shotgun blast. Seel testified during appellant's trial that before the shooting, he and appellant had some problems including appellant dating Seel's sister against his advice. Earlier in the evening of the shooting, Seel saw appellant letting the air out of automobile tires in a parking lot. Seel retaliated by throwing a rock through appellant's window. Seel testified that a few hours later, appellant drove his pick-up truck to Seel's home and shot him with a shotgun while Seel was standing in his front yard. Curtis Blackburn, Seel's next door neighbor, testified he saw appellant drive his pick-up truck in front of Seel's home and saw one shot come from inside the truck.
Appellant was indicted for felonious assault with a gun specification and having a weapon while under disability. See State v. Mayle (Oct. 22, 1992), Franklin App. No. 92AP-403, unreported. Appellant was subsequently tried by a jury, and on March 17, 1992, the jury found appellant guilty of both charges and the firearm specification. We affirmed appellant's conviction on October 22, 1992. Id.
Two days after the trial court entered appellant's judgment of conviction, a social worker at the Orient Correctional Institution contacted the Franklin County Prosecutor's Office with information that an inmate named Ronald Trent claimed to have been the man who shot Seel. A prosecutor sent a letter to appellant's trial counsel informing them of Trent's claim. Timothy Braun, an attorney for the prosecution, stated in an affidavit that appellant's trial counsel did not file a post-conviction relief motion based upon Trent's claims because counsel did not think Trent was credible. Braun also stated that appellant's counsel was concerned about making things worse for appellant if he pursued a post-conviction relief motion.
In 1996, appellant filed a motion for post-conviction relief based upon ineffective assistance of counsel. In an affidavit filed on August 23, 1996, appellant stated he asked his trial counsel to file a motion for a new trial based upon Trent's confession. The court denied the petition for post-conviction relief, dismissing it without an evidentiary hearing.
On June 29, 2001, appellant filed a motion for leave to file a motion for a new trial based upon newly discovered evidence. The claimed newly discovered evidence was Trent's confession. The trial court denied appellant's motion stating that "the `evidence' is obviously not newly discovered and [appellant's] statements totally lack credibility." Appellant appeals this decision, and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED IT'S [sic] DISCRETION IN DENYING DEFENDANT-APPELLANT'S MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE AS DEFENDANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE AS CRIM.R.33(A)(6) PROVIDES.
 II. THE TRIAL COURT ERRED AND ABUSED IT'S [sic] DISCRETION IN NOT HOLDING A [sic] EVIDENTIARY HEARING BEFORE DECIDING WHETHER DEFENDANT-APPELLANT WAS ENTITLED TO NEW TRIAL DUE TO LATER DISCOVERED EVIDENCE OF SIGNED AFFIDAVIT OF PERSON WHO ACTUALLY COMMITTED THE CRIME.
Appellant argues in his first assignment of error that he was unavoidably prevented from discovering Trent's confession. Appellant argues in his second assignment of error that he is entitled to an evidentiary hearing based upon the "new" evidence. Because of the similarity of appellant's arguments in his two assignments of error, we will discuss them together.
A motion for a new trial based upon newly discovered evidence must be filed within one hundred twenty days after the verdict unless the court finds by clear and convincing proof that the defendant was unavoidably prevented from discovering the evidence within the one hundred twenty-day-time period. Crim.R. 33(B). "A motion for new trial pursuant to Crim. R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus, certiorari denied (1991), 499 U.S. 961, 111 S.Ct. 1584.
We find that appellant's motion was not timely because it was filed more than nine years after the time he was required to file it. Appellant claims he should be able to file his motion out of the time requirements because Trent's confession is newly discovered evidence. However, the record shows appellant's trial counsel was informed of the confession in a letter dated March 25, 1992. A lawyer is an agent for his client and a party is deemed bound by the acts of his lawyer and is considered to have "notice of all facts, notice of which can be charged upon the attorney." GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 152.
Even if we were to find that appellant did not have knowledge of Trent's confession in 1992, the record contains an affidavit signed by appellant in 1996, stating "I asked [trial counsel] to file for a new trial for me based on Ronald Trent's confession as to the crime I was convicted of, but [trial counsel] failed to do so." In order to show that Trent's confession is newly discovered evidence, appellant claims he did not know about the contents of the 1996 affidavit because when he signed it, the affidavit was blank. We agree with the trial court's assessment of appellant's argument when it stated "the `evidence' is obviously not newly discovered and [appellant's] statements totally lack credibility."
Accordingly, we find the trial court did not abuse its discretion when it denied appellant's motion for a new trial. Appellant's motion was untimely filed, and appellant failed to present clear and convincing proof that he was unavoidably prevented from discovering Trent's confession within the one hundred twenty-day-time period of Crim.R. 33. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.