OPINION
Appellant, Nawaz Ahmed, appeals a decision of the Belmont County Common Pleas Court, Probate Division, disinheriting him from the estate of Lubaina Bhatti Ahmed.
On January 24, 2001, appellant was convicted of the aggravated murder of his wife, the decedent in this case, and sentenced to death. On February 16, 2001, the administrator of decedent's estate filed a motion requesting an order disinheriting appellant pursuant to R.C. 2105.19. Counsel for appellant and appellant himself through the filing of pro se memoranda, opposed the motion. The probate court conducted a hearing on the matter on March 15, 2001. By way of judgment entries filed on March 15, 2001 and March 26, 2001, the court granted the administrator's motion and disinherited appellant. This appeal followed.
Appellant's counsel has not filed a brief in this matter and it appears that appellant is pursuing this appeal solely by himself and acting as his own attorney. Appellant's brief sets forth twenty-six assignments of error and barely approaches minimal compliance with appellate rules concerning the composition of appellate briefs. The brief is difficult to understand at times and presents disjointed and confusing legal arguments. Nonetheless, appellant's twenty-six assignments of error can essentially be distilled down to two central issues.
First, appellant makes arguments regarding the effectiveness of his counsel. These arguments are without merit. A civil litigant, unlike a criminal defendant has no constitutional right to the effective assistance of counsel. Goldfuss v. Davidson (1997) 79 Ohio St.3d 116,126. The litigant's remedy for inefficient legal counsel is, generally, against the attorney in a suit for malpractice. GTE Automatic Elec.,Inc. v. ARC Industries (1976), 47 Ohio St.2d 146. Moreover, appellant took the opportunity to register his own dissatisfaction with the proceedings by filing numerous pro se memoranda.
Second, appellant argues that the stay of execution in his criminal case prevents a probate court from putting on an order of disinheritance. R.C. 2105.19 prevents a person who is convicted of aggravated murder from benefiting from the death of the victim. It states:
 "(A) * * * [N]o person who is convicted of * * * a violation of * * * section 2903.01 [aggravated murder] of the Revised Code or of an existing or former law of any other state, the United States, or a foreign nation, substantially equivalent to a violation of * * * of [this section], * * * shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of the decedent had predeceased the decedent."
Again, appellant's argument is without merit. Nothing in R.C. 2105.19
or case law interpreting that section suggests that the probate court is prevented from disinheriting a murderer by virtue of their having filed an appeal and obtaining a stay. The stay in appellant's case is an automatic stay since it involves the death sentence. The only effect of the stay is to temporarily postpone his execution. The underlying conviction still stands. Given the length of time that can attend most death penalty appeals, R.C. 2105.19 cannot be reasonably construed to require an exhaustion of a murderer's appeals.
Accordingly, appellant's assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., and DeGenaro, J., concur.