[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant National Engineering Contracting Co.'s first assignment of error, alleging that the trial court erred in granting defendant-appellee Genesis Steel Service, Inc.'s motion to dismiss for lack of personal jurisdiction, is overruled.
When a defendant raises the defense of lack of personal jurisdiction in a motion to dismiss the complaint, and no evidentiary hearing is held, the plaintiff must make a prima facie showing of personal jurisdiction. See Estate of Poole v. Grosser (1999), 134 Ohio App.3d 386, 731 N.E.2d 226;Heffernan v. Options Assocs., Inc. (June 8, 2001), 1st District No. C-000634.
In determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must apply a two-part test. It must determine (1) whether Ohio's long-arm statute, R.C. 2307.382, and the complementary civil rule, Civ.R. 4.3, confer jurisdiction, and (2) whether granting jurisdiction comports with the Due Process Clause of theFourteenth Amendment to the United States Constitution. See U.S. SprintCommunications Co. Ltd. Partnership v. Mr. K's Foods, Inc.,68 Ohio St.3d 181, 1994-Ohio-504, 624 N.E.2d 1048.
Pursuant to R.C. 2307.382(A)(1) and (4), Ohio courts may assert personal jurisdiction over a nonresident defendant if that defendant has transacted any business in Ohio, or caused tortuous injury in Ohio by an act outside Ohio if the defendant regularly does or solicits business, engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio. See Civ.R. 4.3(A)(1) and (4). Whether a defendant has transacted any business in Ohio, as contemplated by R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1), is determined on a case-by-case basis with regard to the particular facts of each case. See U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K'sFoods, Inc., supra. The defendant's ties must "create a `substantial connection' with [Ohio]." See id., citing Burger King Corp. v. Rudzewicz
(1985), 471 U.S. 462, 475, 105 S.Ct. 2174.
Genesis is incorporated in Maryland and has its principal office and place of business there. Genesis does not maintain offices, agents, employees, or other representatives in Ohio. It does not solicit business in Ohio. Genesis has not appointed an Ohio agent for service of process. It has never owned, rented, or used real or personal property in Ohio, and it does not maintain bank accounts, mailing addresses or telephone listings in Ohio.
National, an Ohio company, contacted Genesis to obtain a bid for steel erection work to be performed on the Rubles Run Bridge project in West Virginia. Genesis faxed a bid, which contained several exceptions, to National for the steel work. National telephoned Genesis to set up a meeting to discuss the project. Genesis's representatives came to Ohio for a single meeting. All other contact was by telephone, letter or fax. Prior to the Rubles Run Bridge project, Genesis and National had executed and performed a contract for the Fetterman Truss Bridge project in West Virginia.
We hold that Genesis did not transact business in Ohio within the meaning of R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1), and that any activities that took place in Ohio were insufficient to support the assertion of personal jurisdiction here. See Huskin v. Pappse (June 30, 2000), 11th District No. 99-T-0069; Military Supply Inc. v. ReynosaConstruction, Inc. (Jan. 26, 2000), 9th District No. 19326; Bardes v.Great Gatsby's Auction Gallery, Inc. (Apr. 23, 1997), 1st District No. C-960421. Further, nothing in the record demonstrates the sort of regular, continuous activity required pursuant to R.C. 2307.283(A)(4) and Civ.R. 4.3(A)(4). See Estate of Poole v. Grosser, supra.
The second assignment of error is overruled because the trial court did not abuse its discretion in denying National's Civ.R. 60(B) motion for relief from judgment. See GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 148, 351 N.E.2d 113; Sony Electronics, Inc.v. Grass Valley Group, Inc., 1st District Nos. C-010133 and C-010423, 2002-Ohio-1614; Mound Steel Corp. v. RLE Construction, Inc. (Nov. 9, 2001), 1st District No. C-010257.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.