OPINION
{¶ 1} Defendant-appellant, John O. Burnside, appeals from the decisions of the Mahoning County Court of Common Pleas dismissing his petitions for writs of error coram nobis.
 {¶ 2} This appeal arises out of two separate cases. The record does not provide us with a history of appellant's cases, thus the following facts are gleaned from his briefs. Appellant entered a plea of guilty to trafficking on March 11, 1983, was sentenced to one-and-a-half years imprisonment, suspended, and served a three-year term of probation (lower Case Number 82 CR 1105). On November 1, 1984, appellant pled guilty to felonious assault and the trial court sentenced him to a prison term of four to fifteen years (lower Case Number 84 CR 652). He was paroled on September 19, 1988.
 {¶ 3} Appellant filed petitions for writs of error coram nobis[1]
in both cases on June 19, 2001, as is evidenced by the trial court's judgment entries; however, the petitions are not included in the record. The trial court denied appellant's petitions on September 25, 2001. Appellant filed two separate notices of appeal on November 30, 2001. Appellant attached a copy of the envelope in which he claims that he received the trial court's judgment entries. The envelope has a postmark of November 21, 2001. Appellant claims that he did not receive the judgment entries until November 23, 2001 and that is why he did not file his appeal until November 30, 2001. There is no indication in the record when appellant received these judgment entries. The entries themselves do not indicate that copies were sent to appellant. Given these circumstances, we will consider the merits of appellant's appeal. See,State v. Chalky (Dec. 6, 2001), 7th Dist. No. 96-CA-165, 2001-Ohio-3462.
 {¶ 4} Although appellant filed two separate briefs, one for each appeal, the briefs are virtually identical and raise the same assignment of error. Appellant's assignment of error states:
 {¶ 5} "THE COURT ERRONEOUSLY DENIED THE APPELLANT'S WRIT OF ERROR CORAM NOBIS."
 {¶ 6} Appellant argues that the trial court should have granted his petitions for writs of error coram nobis. He contends his guilty pleas were not knowing and intelligent. Appellant further alleges he based his petitions on newly discovered evidence that proved his convictions were unconstitutional. Appellant claims he is now entitled to an evidentiary hearing.
 {¶ 7} First, we must note that there is no transcript of the proceedings below. Appellant endeavors to explain how he attempted to obtain the transcripts and records from his prior court proceedings. He states that he eventually paid a court reporter to get the records. However, no records or transcripts of appellant's prior proceedings were filed with these appeals. The record does indicate that the trial court denied a motion by appellant for a transcript in case 84 CR 652 on September 20, 1995. The court denied the request almost six years before appellant filed the petitions at issue. There is no such indication that appellant ever requested the transcript in case 82 CR 1105.
 {¶ 8} It is the appellant's duty to transmit the record on appeal, including the transcript necessary for the determination of the appeal. App.R. 10(A). If no transcript is available, then it is appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). Appellant failed to file any sort of transcript substitute.
 {¶ 9} Since there is no transcript or any indication of the proceedings below, it is impossible to determine whether appellant entered his plea knowingly and intelligently. Absent evidence to the contrary, this court will presume regularity in the trial court's proceedings.State v. Martin (Dec. 29, 1997), 7th Dist. No. 96-CA-21. Accordingly, appellant's appeals must fail.
 {¶ 10} Even if we could consider appellant's alleged error without a transcript or record, his appeals would still fail. Ohio does not recognize writs of error coram nobis. State v. Raimer (Dec. 29, 1998), 11th Dist. No. 97-G-2119; State v. Spezzalli (Sept. 25, 1998), 2nd Dist. No. 97-CA-0127. Appellant is really seeking post-conviction relief; therefore, we would treat his petition as one for post-conviction relief. See, State v. Lee (June 19, 1997), 7th Dist. No. 95-BA-58; Statev. Hacker (Feb. 15, 1988), 12th Dist. No. CA87-10-138. However, appellant complains that he did not enter his pleas knowingly or voluntarily. Such an alleged error is properly raised on direct appeal and is therefore not an appropriate issue for post-conviction relief.
 {¶ 11} Still, appellant also argues that he has discovered new evidence in his cases. This court, in a similar case, construed the appellant's writ of error coram nobis as a motion to vacate his prior plea under Civ.R. 60(B). Lee, 7th Dist. No. 95-BA-58. Such analysis is applicable in the present case since appellant argues that the court should have vacated his pleas. Civ.R. 60(B) governs motions to vacate. It provides:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 13} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Civ.R. 60(B).
 {¶ 14} The Ohio Supreme Court set out the test for Civ.R. 60(B) motions in GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146. The court stated:
 {¶ 15} "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150.
 {¶ 16} In the present case, appellant's petitions must fail since he did not meet the time element of the GTE test. Appellant alleges we should vacate his plea because he has newly discovered evidence. Thus, his claim falls under Civ.R. 60(B)(2). Since his claim falls under Civ.R. 60(B)(2), appellant had one year within which to file his petitions for relief. By appellant's own statement, he filed his writs of error coram nobis over eighteen years after he entered his guilty plea in case 82 CR 1105 and over sixteen years after he entered his guilty plea in case 84 CR 652.
 {¶ 17} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 18} For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] A "writ of error coram nobis" is a "writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." Black's Law Dictionary (7 Ed.Rev. 1999) 338.