OPINION
{¶ 1} E. G. Lewis is appealing from the decision of the Common Pleas Court of Montgomery County, Ohio, overruling his 60(B) motion for relief from judgment. The facts and the reasoning of the trial court are fully set forth in its opinion, as follows:
 {¶ 2} "This matter is before the Court upon the Plaintiff's Motion for Relief from Judgment filed February 5, 2002. The Defendant's Response to Motion for Relief from Judgment was filed on February 14, 2002.
 {¶ 3} "FACTS
 {¶ 4} "On December 21, 2001 Magistrate Ballard filed a decision Granting Plaintiff's Motion to Enforce Settlement. This decision was received by the Plaintiff's Counsel (hereinafter `Counsel') on December 24, 2001. Counsel spoke to the Plaintiff about the decision outside the office. Counsel intended to file objections to the decision. However, due to the fact that Counsel discussed the decision with his client outside of his office, Counsel failed to write on his office calendar when the objections were due. Counsel later realized that he had missed the deadline and could not work out an agreement. The Magistrate's decision was then adopted by a Judgment Entry of the trial court filed on January 10, 2001. Counsel now requests that the trial court set aside the Judgment.
 {¶ 5} "STANDARD OF REVIEW
 {¶ 6} "In GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, the Ohio Supreme Court clarified the requirements that the movant must fulfill in order for a court to grant a Motion for Relief from Judgment pursuant to Ohio Rule of Civil Procedure 60(B). Id. The movant must demonstrate that:
 {¶ 7} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment,
 {¶ 8} "Id. at 150. The Court further explained that any doubt should be resolved in favor of granting the motion because cases should be decided on their merits. Id. at 151. However, this does not `obviate the requirement that the movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ. 60(B)(1) through (5).'Id.
 {¶ 9} "LAW AND ANALYSIS
 {¶ 10} "Counsel contends that the Plaintiff is entitled to relief based on excusable neglect, which is one of the grounds set forth in Civ. R. 60(B)(1) through (5). There is no clear and established standard as to what constitutes `excusable neglect' and therefore it is a determination left to the discretion of the trial court. The Court is not aware of any case that supports the Plaintiff's argument. In Miller v.Miller-Dobbs, Inc. (March 5, 1991), Franklin App. No. 80AP-785,1981 Ohio App. LEXIS 10646, unreported, the court found the failure to file objections to a referee's report was excusable neglect when the attorney had not had notice of the Decision. Conversely, in State Farm v. Dostie
(April 7, 2000), Greene Co. App. No. 99 CA 119,2000 Ohio App. LEXIS 1533, unreported, the Court of Appeals found the failure to file objections was not excusable neglect.
 {¶ 11} "In the instant case, Counsel was well aware of the Magistrate's Decision, and of the deadline for filing objections. Counsel has not proven `excusable neglect.' Failure to take note of the deadline because he was not in his office when he decided to file the objections does not constitute excusable neglect.
 {¶ 12} "Counsel has failed to demonstrate that the Plaintiff is entitled to relief under Rule 60(B)(1) through (5) and therefore it is not necessary to determine whether the Plaintiff has met the first and third requirements for relief from judgment.
 {¶ 13} "CONCLUSION
 {¶ 14} "For the reasons detailed herein, the Court Overrules
Plaintiff's Motion for Relief from Judgment.
 {¶ 15} "SO ORDERED." (Docket 76).
 {¶ 16} Mr. Lewis, through his counsel, charges that the decision of the trial court was an abuse of discretion. Based upon this court's own ruling in State Farm Fire and Casualty Co., et al. v. Sandra K.Dostie (April 7, 2000), Greene App. No. 99 CA 119, cited by the trial court, where we held that the failure of the trial court to grant an extension of time to a litigant in which to file objections to a magistrate's decision was not an abuse of discretion, we find that the trial court here committed no abuse of discretion either. The sole assignment arguing the trial court committed abuse of discretion is overruled and the judgment is affirmed.
FAIN, P.J. and GRADY, J., concur.