OPINION
{¶ 1} Plaintiffs-Appellants, Keith Stein and Amanda Stein (hereinafter collectively referred to as "appellants"), appeal from the judgment entered in the Richland County Court of Common Pleas vacating a default judgment entered in favor of appellants and against defendants-appellees, Clancy Wyatt and Betty Roush (hereinafter collectively referred to as "appellees"). Appellants assigned as error:
 I {¶ 2} "The trial court erred in granting both defendants'-appellees', Clancy Wyatt and Betty Roush, motion for relief from judgment pursuant to Ohio Rule of Civil Procedure 60(B) and erred in holding `the prior order and judgment entry issued by the court in this case on December 11, 2002 is vacated and defendants are relieved from said judgment. This case shall be returned to the active docket of the court for determination upon its merits.' Further the trial court erred in granting defendants'-appellees', Clancy Wyatt and Betty Roush, motion for leave to file answer."
 {¶ 3} On September 30, 2002, appellants filed a complaint against appellees in the Richland County Court of Common Pleas seeking damages for breach of contract, unjust enrichment, fraud and misrepresentation. Service of the summons and complaint upon appellees was accomplished on October 18, 2002.
 {¶ 4} On November 22, 2002, appellants filed a motion for default judgment pursuant to Civ.R. 55 on the basis that appellees failed to file a timely answer or otherwise respond to appellants' complaint. On December 11, 2002, the trial court granted appellants' motion for default judgment and entered judgment in favor of appellants and against appellees in the amount of $65,608.40 plus interest, costs, and attorneys fees in the amount of $1,021.50.
 {¶ 5} On December 18, 2002, appellees filed a motion for relief from the default judgment pursuant to Civ.R. 60(B). Appellees sought relief from the trial court's judgment entered on December 11, 2002, claiming, by way of affidavit, that they failed to file an answer or otherwise respond to appellants' complaint because appellees were involved in a medical emergency. As a result of that medical emergency, appellees claim that they were distracted and distressed and failed to understand the necessity to file an answer within twenty-eight days.
 {¶ 6} On December 27, 2002, the trial court granted appellees' motion and vacated the judgment entered on December 11, 2002. The court also reinstated the matter and granted leave to appellees to file an answer to the complaint. Appellants have appealed these decisions in a timely manner.
 I {¶ 7} Through their sole assigned error, appellants maintain the trial court erred in vacating the default judgment entered in their favor and against appellees. In GTE Automatic Electric, Inc. v. ARCIndustries, (1976) 47 Ohio St.2d 146, the Ohio Supreme Court held:
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time,. . . ."
 {¶ 9} In the instant case, appellees submitted an affidavit claiming they had a meritorious defense. Said affidavit also provided evidence that appellees failed to file a timely answer to appellants' complaint because of a medical emergency. Appellees also asserted through this affidavit that as soon as they were made aware of the trial court's judgment entered against them, they filed their motion to vacate.
 {¶ 10} The question of whether relief should be granted is left to the sound discretion of the trial court. See Griffey v. Rajan (1987)33 Ohio St.3d 75, 77. It is well settled that an abuse of discretion connotes that the trial court acted arbitrarily and capriciously. We cannot, from the state of this record, conclude that the trial court abused its discretion in granting appellees' motion for relief.
 {¶ 11} Accordingly, we hereby overrule appellants' sole assigned error and remand this matter to the trial court for further proceedings according to law.
 {¶ 12} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By: Farmer, J. and Wise, J. concur.
Hoffman, P.J. concurs separately.