OPINION
{¶ 1} Defendants Jeffrey M. and Carol Poston appeal a judgment of the Municipal Court of Fairfield County, Ohio, which overruled their motion to set aside its prior judgment pursuant to Civ.R. 60(B)(5). Appellants assign a single error to the trial court:
 {¶ 2} "THE LOWER COURT ERRED BY ENTERING DEFAULT JUDGMENT BECAUSE DEFENDANTS NEVER RECEIVED PLAINTIFF'S COMPLAINT."
 {¶ 3} The record indicates appellants executed a promissory note and security agreement in favor of appellee Beneficial Ohio, Inc. dba Beneficial Mortgage Company of Ohio. Appellee commenced an action on the note seeking recovery of the outstanding interest and principal due, in an amount of $10,284.06. Appellee filed its complaint on April 8, 2002, and appellants' daughter signed for the certified mail service on April 10, 2002. Appellants failed to answer and the court granted default judgment on appellee's complaint.
 {¶ 4} Appellee commenced garnishment proceedings, and appellants moved to set aside the default judgment, arguing service was never perfected because they did not have actual notice of the proceedings. Specifically, appellants argued they were not home when their daughter signed the certified mail cards, and put the summons and complaint, unopened, with various other papers and envelopes. Appellants alleged their daughter forgot to tell them about the certified mail, and they never knew of the lawsuit until they received the default judgment from the municipal court.
 {¶ 5} Ohio courts apply a three-part test to determine whether a party is entitled to relief from judgment pursuant to Civ.R. 60(B). The moving party must show a meritorious claim or defense if relief is granted; entitlement to the relief under one of the sections of Civ.R. 60(B); and timeliness of the motion, see GTE Automatic Electric, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, syllabus by the court. A reviewing court should not reverse a trial court's ruling on a Civ.R. 60(B) motion unless the trial court abused its discretion,Griffey v. Rajan (1987), 33 Ohio St.3d 75. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Steiner v.Custer (1940), 137 Ohio St. 444.
 {¶ 6} We find appellants' motion was timely filed, but they failed to allege grounds to set aside the judgment under one of the subsections of Civ.R. 60(B), and they did not raise a meritorious claim or defense.
 {¶ 7} We find the trial court did not abuse its discretion in overruling the motion for relief from judgment.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur.