DECISION
{¶ 1} Appellant, Jerry L. Hall, appeals an order of the Franklin County Court of Common Pleas which denied his Civ.R. 60(B) motion for relief from judgment. The trial court had affirmed a decision by appellee, Dublin Board of Zoning Appeals ("DBZA"), to deny appellant's request for a zoning variance.
 {¶ 2} Appellant and his wife, Sharon E. Hall ("the Halls"), contracted to build a home located at 7015 Ballantrae Loop, in Dublin. Apparently the lot is rather large, and the distance from the garage to the street is 85 feet. Believing that it would be more convenient to be able to exit the property face forward, rather than backing out, the Halls had their builder design a U-shaped driveway for the property; however, Section 153.210(A) of the Dublin Code of Ordinances provides, in part:
* * * Curb cuts or points of ingress/egress shall be generally restricted to promote traffic safety, and, limited to one per single-family residence.
 {¶ 3} The Halls' application to the director of the planning department for the city of Dublin for a permit for the driveway was rejected, and they then appealed to DBZA. After a hearing, DBZA voted unanimously to uphold the planning department's recommendation to deny the request, and the Halls initiated an appeal, pursuant to R.C 2506.04, alleging that the DBZA failed to properly follow the applicable city ordinance.
The trial court rejected this argument, stating, in part:
Upon review, the Court finds that the Board's determination is supported by substantial, reliable, and probative evidence. As the mandate of the City Ordinance is clear, the Board properly believed that they were required to find good cause to support the granting of a variance. The record reflects that the Board understood Appellants' desire to be able to exit their driveway facing forward rather than backing 85 feet into the street. However, as noted by the Board, the majority of homeowners must back out of their driveways. Thus, it had a valid concern that granting Appellants a variance simply for the sake of convenience would set a precedent that could be utilized by any resident desiring to be able to pull out of their driveway face forward. Appellants did not demonstrate any conditions dictating the need for a second curb cut. * * *
 {¶ 4} Addressing appellant's additional argument that DBZA's determination was an unconstitutional taking of their property, the court stated that, even if this were so, the proper remedy would not be an injunction preventing enforcement of the ordinance, but a compensation to the Halls for the taking.
 {¶ 5} The Halls then moved for relief from judgment, alleging they had recently discovered evidence that other Dublin single-family residences had two curb cuts, and that fraudulent testimony regarding the city's past practice of permitting more than one curb cut had tainted DBZA's decision. The trial court rejected these arguments on the basis that evidence of other properties featuring U-shaped driveways was always available, and that the Halls' failure to investigate such evidence prior to the DBZA hearing did not render it "newly discovered." The court also rejected the Halls' argument that relief from judgment was merited because witnesses had made untrue statements. The court reasoned that, because DBZA and not the city or its employees was the adverse party, any false statements by city staff could not be a basis for relief from judgment. Thus, the court denied the Halls' Civ.R. 60(B) motion.
 {¶ 6} Appellant now assigns the following as error:
1. The trial court erred and abused its discretion when it denied Plaintiff's administrative appeal by finding that the record of the hearing before the Board of Zoning Appeals contained material, reasonable and probative evidence to support its denial of Plaintiff's application.
2. The trial court misinterpreted the Dublin statute, erred and abused its discretion in denying the Plaintiff's administrative appeal.
3. The trial court erred in denying the motion for relief from judgment, as the Board was presented in [sic] factually incorrect information by the City of Dublin employee, which incorrect information formed the primary basis of the Board's and subsequently the Court's decision.
 {¶ 7} The standard of review for an appeal from an administrative agency of a political subdivision is set forth in R.C. 2506.04, which provides:
The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
 {¶ 8} As in cases before other administrative agencies, the common pleas court was required to give due deference to the DBZA's resolution of evidentiary conflicts, and was not entitled to substitute its judgment for that of the DBZA. Our standard of review requires us to determine whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the decision of the DBZA. See Elbert v. BexleyPlanning Comm. (1995), 108 Ohio App.3d 59, 66.
 {¶ 9} By his first and second assignments of error, appellant argues that, pursuant to the Dublin ordinance, the only reason to restrict the Halls to one curb cut would be to promote traffic safety, and, since no evidence was presented regarding traffic safety, the DBZA was without reliable, probative or substantial evidence justifying the denial of the variance.
 {¶ 10} Section 153.210(A) of the Dublin Code of Ordinances, provides the requirements and specifications for driveways serving all residential areas. As to single-family residences, the ordinance provides: "Curb cuts * * * shall be generally restricted to promote traffic safety, and, limited to one per single-family residence." The trial court correctly interpreted this sentence to indicate that the general policy regarding curb cuts for all residential properties is to restrict them in order to promote public safety, and that, in the specific case of a single-family residence, only one curb cut will be permitted. If an exception is sought, 153.210(C) indicates that review and approval of the director of the planning department will be required. The wording of the ordinance indicates that the burden was on the Halls to show that their property merited an exception, rather than the burden being on the city to demonstrate that traffic safety required limiting the Halls to one curb cut.
 {¶ 11} Based upon these considerations, we find the trial court did not err in affirming the order of the DBZA, and so we overrule appellant's first and second assignments of error.
 {¶ 12} Appellant's third assignment of error charges that the trial court improperly denied their motion for relief pursuant to Civ.R. 60(B)(1), (2) and (3), which provides, in part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party * * *.
 {¶ 13} To prevail upon a Civ.R. 60(B) motion:
* * * [T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1)(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} According to appellant, two witnesses for the city denied that more than one curb cut had been recently permitted for other single-family properties, and appellant was not prepared at that time to counter that testimony with evidence of properties with more than one curb cut. Appellant did not realize that he could have sought a delay in order to present contradictory evidence and, thus, he would have had a meritorious defense to present. Appellant further argues that the statements were misrepresentations by an adverse party entitling appellant to relief from judgment.
 {¶ 15} The relevant portions of the hearing transcript involve statements by Kolby Turnock and Chad Gibson, both members of the Dublin city planning staff, during questioning by Jeffrey Ferezan, a member of the DBZA. The exchange was as follows: Mr.Turnock:
Right, I it's my understanding that [second curb cuts] were allowed and there were quite a few complaints * * *. You will see them every once in awhile but they usually involve a unique situation and involve topography or some sort of feature of a lot that makes it practical to have the second curb cut.
* * *
Mr. Ferezan:
Okay. And is there a place where this person can go in Dublin, Ohio in a development that was built within the last two or three years and say this is the way I'd like mine done. To your knowledge.
Mr. Turnock:
I can't think of any.
Chad Gibson:
Mr. Ferezan, you're asking if there's an existing lot somewhere in the City with two curb cuts or I'm just . . .
Mr. Ferezan:
Within the last two or three years. Your best guess.
Mr. Gibson:
I don't recall any, I don't.
Mr. Ferezan:
Okay.
Mr. Gibson:
The zoning administrator signs off on those and I don't recall any in the recent in recent history.
(DBZA hearing at 3-5.)
 {¶ 16} Even assuming we were to agree with appellant that both Turnock and Gibson were adverse parties, these statements fall short of being misrepresentations because the witnesses' statements are qualified by their admissions that they do not recall any authorized second curb cuts, particularly within the last two or three years. In other words, there may have been instances where the city allowed second curb cuts, but the witnesses simply do not recall them, or second curb cuts may have been installed without city permission.
 {¶ 17} Neither has appellant presented evidence which would indicate he has a meritorious claim to present if he were to be granted relief from judgment. Attached to appellant's motion for relief is an affidavit by appellant indicating that his own research had disclosed examples of Dublin homes having two curb cuts and U-shaped driveways, all of which were constructed after enactment of the ordinance. Since the curb cuts existed prior to the hearing, this is not newly-discovered evidence. Further, the affidavit does not state that the city of Dublin approved installation of the second curb cuts. Last, appellant does not allege similarities between his property and those with two curb cuts, assuming arguendo the curb cuts were approved, so that the DBZA would be required to grant him a variance. Appellant did not present sufficient evidence supporting his motion for relief from judgment, and the trial court properly denied it. Appellant's third assignment of error is not well-taken and is overruled.
 {¶ 18} Based upon these considerations, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Deshler, J., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.