GTE Automatic Electric, Inc., Appellee, *v.* ARC
Industries, Inc., Appellant.

[Cite as GTE Automatic Electric v. ARC Industries (1976),
47 Ohio St. 2d 146.]

(No. 75-1011—Decided July 21, 1976.)

*Messrs. Zacks, Luper & Wolinetz* and *Mr. Frederick M. Luper,* for appellee.

*Messrs. Van Heyde, Zuber & Rothgeb* and *Mr. Robert L. Van Heyde,* for appellant.

O'NEILL, C. J. The question presented by this appeal is whether it was an abuse of discretion for the trial court to grant appellant's motion, under Civ. R. 60(B), to vacate the default judgment previously entered. Since this court finds that the trial court did abuse its discretion under the facts of this case, the judgment of the Court of Appeals must be affirmed.

Initially, however, the court must first determine that an order vacating a default judgment is a final order and, therefore, appealable. Section 3(B)(2), Article IV of the Ohio Constitution.

The general rule in the federal courts is that an order vacating a default judgment is not a final order. *United States* v. *Agne* (C. A. 3, 1947), 161 F. 2d 331; *Stathatos* v. *Arnold Bernstein S. S. Corp.* (C.A. 2, 1953), 202 F. 2d 525; 7 Moore's Federal Practice, Paragraph 60.30[3]. See, also, Annotation, 8 A. L. R. 3d 1272, for a summary of cases on the state level.

In the second paragraph of the syllabus in *Chandler & Taylor Co.* v. *Southern Pacific Co.* (1922), 104 Ohio St. 188, 135 N. E. 620, this court held:

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

Although *Chandler* has not been expressly overruled by this court, much has changed since it was decided. Insofar as *Chandler* may have implied that an otherwise interlocutory order can be made final and appealable by an abuse of discretion in the making of that order, that notion was laid to rest in *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 234 N. E. 2d 587. In addition, the constitutional provisions relating to the jurisdiction of the Court of Appeals, as well as the interpretations given those provisions by this court, have changed since *Chandler* was decided. Writing for a unanimous court in *Klein, supra,* Justice Paul W. Brown appropriately noted, at page 86, that "[o]nly since *Price* v. *McCoy Sales & Service, Inc.* [(1965), 2 Ohio St. 2d 131, 207 N. E. 2d 236] * * *, has Section 2505.02, Revised Code, been an accurate legislative restatement of this court's definition of a final order." *Price* represents the culmination of a long and difficult series of decisions in which this court attempted to define a final order in terms of the jurisdictional provisions of the Ohio Constitution. While difficulties still remain in this area, the present case can be resolved by looking to R. C. 2505.02.

R. C. 2505.02 defines a final order as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or *an order vacating or setting aside a judgment* and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

Regardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judg-

ment. It is a final determination of the rights of the parties. Therefore, an order of the trial court pursuant to Civ. R. 60(B), setting aside a default judgment, is clearly within the express language of R. C. 2505.02. It is a final, appealable order.

Having found that the order of the trial court was a final order, we may now proceed to the question of whether the making of the order was an abuse of discretion.

. . . Civ. R. 55(B) allows the trial court to set aside a default judgment in accordance with Civ. R. 60(B). Civ. R. 60(B) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered

or taken. Civ. R. 60(B); *Universal Film Exchanges* v. *Lust* (C. A. 4, 1973), 479 F. 2d 573; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 316 N. E. 2d 469; *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209, 297 N. E. 2d 550. The court agrees with the statement by Judge Sobeloff, in *Lust*, that these requirements are independent and in the conjunctive, not the disjunctive.

Appellant contends that where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. As a general statement of the proposition of law, this is, of course, true, and the courts have consistently applied the principle in appropriate cases. *Tozer* v. *Charles A. Krause Milling Co.* (C. A. 3, 1951), 189 F. 2d 242; *Bridoux* v. *Eastern Air Lines* (C. A. D. C., 1954), 214 F. 2d 207; *Davis* v. *Parkhill-Goodloe Co.* (C. A. 5, 1962), 302 F. 2d 489; *Tolson* v. *Hodge* (C. A. 4, 1969), 411 F. 2d 123; 7 Moore's Federal Practice 232, Paragraph 60.19.

However, the cases do not imply that relief should always be granted at the request of the movant. It is a general guide, which the trial court uses as a frame of reference in deciding whether the three requirements have been met. Cf. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 189 N. E. 246; Civ. R. 50(A)(4). In particular, the principle does not obviate the requirement that the movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ. 60(B)(1) through (5).

Turning to the facts of the instant appeal, it is undisputed that appellant's motion was timely and that appellant has a meritorious defense. The sole remaining issue is whether appellant has demonstrated that it is entitled to relief under Civ. R. 60(B)(1) through (5).

The facts of this case make it clear that if relief is be granted at all, it must be under Civ. R. 60(B)(1). Although appellant urges that 60(B)(5) also be considered, there are no facts presented here that justify the use of the "any other reason" clause.

The trial court granted relief on the single ground that

appellant's neglect was excusable. That court read *Berea Bus Lines v. Seminatore, supra* (17 Ohio App. 2d 31), and *Antonopoulos v. Eisner, supra* (30 Ohio App. 2d 187), as holding that the neglect of an attorney will not be imputed to his client for the purpose of determining whether the client is entitled to relief under Civ. R. 60(B)(1). The Court of Appeals reversed, finding that the view taken by the federal courts was the better rule.

The basis of the federal rule is most clearly set forth by the United States Supreme Court in *Link* v. *Wabash R. R. Co.* (1962), 370 U. S. 626. That court said in *Link*, at pages 633-34:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' "

The court continued at page 634, fn. 10:

" * * * Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil [defendant] may be deprived of his [defense] if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because * * * [defendant] should not be penalized for the omissions of his own attorney would be visiting the sins of * * * [defendant's] lawyer upon the * * * [*plaintiff*]."

Although *Link* was not a Rule 60(b) decision, the federal courts have adopted its rationale in Rule 60(b) decisions.

*Universal Film Exchanges* v. *Lust, supra* (479 F. 2d 573);
*Schwarz* v. *United States* (C. A. 2, 1967), 384 F. 2d 833; 7
Moore's Federal Practice 367-369, Paragraph 60.27[2].

This court agrees and adopts the general rule that the
neglect of a party's attorney will be imputed to the party
for the purposes of Civ. R. 60(B)(1).

It should be noted that this does not preclude the pos-
sibility that in an appropriate case other factors may also
be present that entitle a party to relief under other sec-
tions of Civ. R. 60(B), notwithstanding the application of
the rule. For example, there might also be fraud of an ad-
verse party involved, in addition to the movant's inexcus-
able neglect, which would entitle the movant to relief under
Civ. R. 60(B)(3). The grounds for relief in Civ. R. 60(B)
(1) through (5) are in the disjunctive.

Applying the rule in this case, the neglect of the at-
torney is imputed to appellant ARC. Taken together, their
conduct reveals a complete disregard for the judicial sys-
tem and the rights of the appellee. This is not excusable
neglect. It follows that the trial court abused its discre-
tion in granting the relief sought by appellant, and the Court
of Appeals properly reversed.

For the foregoing reasons, the judgment of the Court
of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and
P. BROWN, JJ., concur.