OPINION
Appellant Charles O'Brien appeals a judgment of the Licking County Common Pleas Court overruling his Motion for Relief From Judgment pursuant to Civ.R. 60(B), without a hearing:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR EVIDENTIARY HEARING.
 II. THE TRIAL COURT JUDGMENT IS VOID AB INITIO FOR FAILURE TO PROVIDE TIMELY AND MEANINGFUL NOTICE OF TRIAL AND MATERIAL EVIDENCE.
On January 6, 1993, appellee Claude Hicks filed a complaint alleging breach of contract and fraud in connection with a sale of real property to appellant. The matter was assigned Case No. 93-CV-4. On July 7, 1993, appellant Charles O'Brien filed a complaint against appellee alleging various causes of action, arising from appellee's deposition. The complaint was assigned Case No. 93-CV-282. The two cases were consolidated by the Licking County Common Pleas Court.
Beginning on October 27, 1993, and continuing through the pendency of the proceedings, appellant was incarcerated in a Federal penitentiary.
The cases came before the court for trial on May 10, 1994. Appellant was not present and was not represented by counsel. By judgment entry, the court ordered each party to submit by affidavit their statements, along with any exhibits of every transaction between them and anyone else involved. The court gave each party two weeks to submit such affidavits, and ordered them to serve them upon each other. The court then gave each party two weeks to respond by affidavit to the affidavits received from other parties. Pursuant to this order, appellee submitted two affidavits. Appellant submitted one affidavit, which was thirteen pages long, and contained seven exhibits.
On January 31, 1996, the trial court entered judgment in favor of appellee in the amount of $225,000, plus interest, costs and attorneys' fees. In addition, the court dismissed appellant's complaint as frivolous.
Appellant appealed, claiming that the court erred in failing to provide him with transportation from jail for trial, or allowing him to participate in trial via telephone. We affirmed, finding that the record reflected that the court provided appellant with an opportunity to participate in and defend himself in the proceedings by ordering the parties to submit affidavits, exhibits, and counter-affidavits in support of their respective positions. We concluded that the order constituted an imaginative and innovative alternative method of providing appellant with the opportunity to participate in the proceeding, and to insure that the case was decided on its merits. Hicks vs. O'Brien (October 28, 1996), Licking App. No. 96-CA-32, unreported.
After his release from federal prison, appellant filed a Motion for Relief From Judgment pursuant to Civ.R. 60(B). Appellant claimed that appellee's evidence was perjured, and that he was not notified of trial and material evidence in a manner which allowed him to participate in the proceedings during his incarceration. The court overruled the motion without a hearing.
We address both Assignments of Error together, as appellant does in his brief.
To demonstrate an entitlement to relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that he has a meritorious defense, that he is entitled to relief under one of the grounds stated in the rule, and that the motion is timely filed. GTE Automatic Electric, Inc. vs. Arc Industries, Inc.
(1976), 47 Ohio St.2d 146.
The court did not err in dismissing the motion without a hearing. It is apparent from appellant's motion that he merely believes he should have a second bite of the apple now that he is no longer incarcerated. Appellant has previously litigated, by way of direct appeal, the issue of whether he was permitted adequate participation in the proceedings below. Further, appellant's claim of a meritorious defense is based solely on allegations that appellees lied in their affidavits. On direct appeal to this court, appellant raised no claim that the judgment of the court was against the weight of the evidence. Appellant was given an opportunity in the trial court to attack the affidavits filed by appellee with a counter-affidavit. He was further given an opportunity to challenge the findings of the court on direct appeal. Having failed to do so, appellant cannot now have a second opportunity to challenge these issues.
The Assignments of Error are overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.