DECISION
Plaintiff-appellant, Hopeton Johnson, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for Civ.R. 60(B) relief. Because the trial court improperly decided plaintiff's motion without an evidentiary hearing, we reverse.
On November 14, 1995, plaintiff filed an objection to an administrative order from the Franklin County Child Support Enforcement Agency which raised plaintiff's monthly child support obligation from $50 per month to $389.57 per month. The hearing on the objections was continued a number of times, but the final continuance, setting the matter for hearing on February 13, 1997, indicates that an agreed entry is to be submitted.
Because no parties appeared for the hearing on February 13, 1997, the magistrate entered a decision that day which approved and adopted the administrative order as a court order, setting plaintiff's child support obligation at $389.57 per month. The trial court adopted the magistrate's decision the same day. According to court records, the judgment was mailed to plaintiff on February 19, 1997. No agreed judgment entry was ever filed.
On January 15, 1998, a notice was filed with the trial court, and mailed to plaintiff on January 22, 1998, advising plaintiff that he was determined to be in default of his support obligation. Defendant-appellee, Kimberly Curry, then filed a motion on July 7, 1998, seeking to have plaintiff held in contempt for failure to pay child support as previously ordered.
In response, plaintiff filed a motion on September 22, 1998, seeking relief from judgment under Civ.R. 60(B). On October 5, 1998, he supplemented his motion with an additional memorandum and his own affidavit. The Child Support Enforcement Agency opposed the motion, and the trial court ultimately denied it.
Plaintiff appeals, assigning two errors:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT MADE PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
We first address plaintiff's second assignment of error, as it disposes of the appeal.
To warrant relief under Civ.R. 60(B), plaintiff must show (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5), and (3) his motion is made within a reasonable time. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Under the first prong of GTE Automatic Electric, plaintiff contends he has a meritorious defense in contesting the amount of child support because (1) he is unemployed due to his youngest child's suffering from sickle cell anemia, and (2) the Child Support Enforcement Agency failed to consider his other children in ascertaining the amount of child support under its administrative order, subsequently adopted by the trial court.
Under the Child Support Guidelines Worksheet, a copy of which is in the record, plaintiff's having other children by a subsequent marriage is a factor to be considered in determining the amount of child support he should pay defendant. Similarly, plaintiff's alleged inability to work, arising from his need to serve as a primary caregiver for his ill child, may also be a factor affecting the amount of support. See McAlexander v.McAlexander (Oct. 18, 1993), Champaign App. No. 92 CA 21, unreported; Albanese v. Albanese (May 25, 1999), Franklin App. No. 98AP-1033, unreported (1999 Opinions 1343). Accordingly, either factor, or both, if shown, may impinge on the validity of the administrative order which considered neither factor.
To some degree, plaintiff may have been able to address some of these issues at an earlier stage in the proceedings. The Child Support Enforcement Agency mailed a questionnaire to plaintiff requesting information directed to at least one of the issues plaintiff raises in his Civ.R. 60(B) motion. Plaintiff's response to the questionnaire was sparse, at best. The trial court, however, did not premise its decision on plaintiff's failure to fully respond to the questionnaire. Nor are we aware of any authority suggesting a failure to fully respond to the questionnaire estops a party from litigating matters addressed in the questionnaire. Indeed, the February 13, 1997 hearing on plaintiff's objections to the administrative order was to have been plaintiff's opportunity to review those very issues, even if plaintiff's position ultimately proved unpersuasive.
In the final analysis, plaintiff at least has set forth a factual predicate for a meritorious issue to be considered in determining the validity of the administrative order raising his child support to $389.57 per month.
Under the second prong of the Civ.R. 60(B) analysis, plaintiff contends he is entitled to relief under Civ.R. 60(B) (1) because of excusable neglect. According to plaintiff's affidavit, after he received notice of the Child Support Enforcement Agency's intent to raise the amount of child support he would pay, he objected and retained the assistance of an attorney. The matter first was continued until July 2, 1996, and again until October 17, when plaintiff's attorney indicated he had worked out an arrangement to set child support at $125 a month. Plaintiff indicated his agreement with that resolution, was led to believe that the matter would be resolved on those grounds, and began paying $125 per month in child support. Plaintiff indicated that he has "now come to learn that neither my attorney, nor the attorney for the Child Support Enforcement Agency filed any Entry setting forth our agreement." (Affidavit, p. 3.) He indicates he further has come to learn that a hearing was held in his absence, even though neither of the parties was present. He states that throughout the period, he continued to pay $125 a month pursuant to what he believed was the resolution of the child support issue.
Plaintiff's contentions are corroborated in part by the continuance entry filed October 17, 1996, which rescheduled the hearing to February 13, 1997. Although it indicates that "A[greed] E[ntry] TO BE SUBMITTED," no agreed entry appears in the file. While the trial court is not required to believe plaintiff's version of the unrecorded events, the affidavit and the continuance entry sufficiently support plaintiff's contentions to require the trial court to explore the matter through an evidentiary hearing before overruling the motion as lacking grounds for relief under Civ.R. 60(B) (1) through (5).
The third prong of GTE Automatic Electric specifies that the motion be made within a reasonable time. According to Civ.R. 60(B), the "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."
Unquestionably, plaintiff's motion was filed more than one year after the February 13, 1997 order changing his child support obligation. In similar circumstances, the Fourth District, however, found the appeal timely. Scott v. Taps Lounge, Inc.
(Sept. 10, 1991), Scioto App. No. 1953, unreported. In Scott,
defendant's counsel failed to respond to plaintiff's summary judgment motion, which ultimately was granted. Only when defendant was noticed for a judgment debtor exam did she realize that the judgment had been taken against her. In response, her new counsel filed a motion for relief from judgment under Civ.R. 60(B).
Although the trial court granted relief under Civ.R. 60(B) (5), the court of appeals nonetheless was obliged to determine whether the motion was filed within a reasonable time. Rather than examining the matter from the date of the judgment entry, the court looked to the date defendant learned of the judgment against her. From that vantage point, the court determined her motion had been filed within a reasonable time. Similarly, plaintiff here contends he was not aware of the judgment entry altering his child support obligation well after the year had passed under Civ.R. 60(B) (1), but filed his motion well within one year of learning of the judgment entry.
Unquestionably the record presents evidence which contradicts plaintiff's contention that he learned of the judgment entry only after he was noticed for the contempt hearing, as the record indicates the February 13, 1997 entry was mailed to him on February 19, 1997. The conflict, however, should be resolved through an evidentiary hearing.
In the final analysis, plaintiff has presented evidence which addresses each of the three prongs necessary to obtain relief under Civ.R. 60(B). Accordingly, we sustain plaintiff's second assignment of error and conclude that the trial court should have held an evidentiary hearing on plaintiff's Civ.R. 60(B) motion. Given our disposition of that assignment of error, his first assignment of error is rendered moot. App.R. 12(A).
Having sustained plaintiff's second assignment of error and rendering his first assignment of error moot, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN and KENNEDY, JJ., concur.