OPINION
Defendants-appellants Patricia Hulbert and Richard Laase appeal the August 25, 1999 Judgment Entry of the Stark County Court of Common Pleas denying their Motion to Vacate and Reconsider the default judgment entered against them on July 23, 1999. Plaintiffs-appellees are Kelly Hughes, et al.
 STATEMENT OF THE CASE
Appellees filed their complaint on June 9, 1999. Appellants were served by certified mail on June 14, 1999. On July 22, 1999, appellants filed a Motion for Leave to Plead Instanter accompanied by an Answer. Appellees filed a Motion for Default Judgment the same day. On July 23, 1999, the trial court granted appellees' motion. The trial court denied appellants' motion on July 28, 1999. On August 13, 1999, appellants filed a Motion to Vacate and Reconsider and requested a hearing. The trial court denied appellants' motion without a hearing via Judgment Entry filed August 25, 1999. It is from that judgment entry appellants prosecute this appeal assigning as error:
 THE COURT ERRORED [SIC] IN IT'S DENIAL OF THE MOTION TO VACATE PURSUANT TO OHIO RULES OF CIVIL PROCEDURE WITHOUT GRANTING A HEARING ON THE MERITS OF THE SAME.
We overrule appellants' sole assignment of error. Our reasons follow. In their August 13, 1999 Motion to Vacate and Reconsider, appellants stated the "excusable error and mistake" for their failure to timely answer appellees' complaint resulted from ". . . appearant [sic] miscalculation of the 28 day Answer . . ." and ". . . that there are valid defenses and valid issues." In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, the Ohio Supreme Court set forth the standard for determining motions for relief from judgment. The Supreme Court held in paragraph two of the syllabus: In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.
Although neither Civ.R. 60(B) nor any case decided by the Ohio Supreme Court requires the movant to submit evidence in support of a motion for relief from judgment before a hearing on the motion is warranted, the motion must demonstrate the neglect was excusable and the specific nature of the defense. We find the mere assertion of a miscalculation of days is legally insufficient to constitute excusable neglect. Moreover, the failure of appellants to identify the nature of their defense and to specify their reasons why a meritorious defense exists (as opposed to merely asserting in conclusing fashion valid defenses exist) is insufficient to warrant a hearing. The trial court did not abuse its discretion in denying appellants' Motion to Vacate and Reconsider without a hearing.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. EDWARDS, J. and MILLIGAN, V.J. concur.