OPINION
Plaintiff, Knox Cardiology Associates, Inc., provided medical services to appellee, Raymond Davis. As a result, appellee owed plaintiff monies for services rendered. Appellee's wife, appellee, Gwen Davis, was employed by appellant, Staff Builders, Inc., and received health care benefits as a result of her employment.
On December 18, 1998, plaintiff filed a complaint against appellees for monies due and owing. On March 5, 1999, appellees filed a third-party complaint against appellant and others claiming they should be jointly and severally liable for all monies that may be adjudged against them in favor of plaintiff.
On May 25, 1999, appellees filed a motion for default judgment against appellant. By order and judgment entry filed May 28, 1999, the trial court granted said motion and awarded appellees $14,746.82 plus interest and costs as against appellant. On June 1, 1999, appellant filed a motion for leave to file motion to dismiss. The trial court denied this motion on same date.
On April 21, 2000, the trial court dismissed the original complaint for want of prosecution. On May 26, 2000, appellant filed a motion for relief from judgment. A hearing was held on August 14, 2000. By judgment entry filed August 16, 2000, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE LOWER COURT ERRED IN GRANTING THIRD-PARTY PLAINTIFFS RAYMOND AND GWEN DAVIS' MOTION FOR DEFAULT JUDGMENT AGAINST STAFF BUILDERS, INC.
 II THE LOWER COURT ABUSED ITS DISCRETION IN DENYING STAFF BUILDERS, INC.'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT.
 I
Appellant claims the trial court erred in granting default judgment to appellees on their third-party complaint for contribution. We agree.
Appellant argues a claim for contribution is dependent upon the success of the claim and the amount due under the original complaint and therefore a monetary award under default judgment was inappropriate. Further, the prayer for relief in the third-party complaint did not include a specific amount:
 Wherefore, Defendants and Third-Party Plaintiffs, Raymond W. Davis and Gwen N. Davis demands judgment against Third-Party Defendants, Staff Builders and United Health Care of Ohio, Inc. jointly and severally for all sums that may be adjudged against Defendants in favor of Plaintiff.
See, Third-Party Complaint filed March 5, 1999.
In their motion for default judgment filed May 25, 1999, appellees prayed for an amount of $14,746.82 plus interest and costs. No affidavit was attached to this motion attesting to the amount due and payable to the original plaintiff, as no amount had been awarded to plaintiff as of the date of the filing of said motion.
Civ.R. 55 governs default judgment. Subsection (A) states in pertinent part:
 * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
This case involved unspecified damages. The record does not show any hearing or references on damages therefore, the trial court erred in granting monetary relief on default judgment.
We further note the default judgment motion and subsequent entry captioned appellant as "Staff Builders" when in fact they were prayed for and granted against "Staff Builders, Inc." We find this to be inconsistent with the original third-party complaint wherein the party was designated as "Staff Builders" and not "Staff Builders, Inc." The default judgment was granted against a non-named party.
Upon review, we find the trial court erred in granting the default judgment.
Assignment of Error I is granted.
 II
Appellant claims the trial court erred in denying its Civ.R. 60(B) motion for relief from judgment. We agree.
In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Appellant based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5).
The trial court dismissed the original complaint for want of prosecution on April 21, 2000. Thereafter, appellant filed its motion for relief from judgment on August 16, 2000. As stated supra, a claim for contribution is dependent upon the success of the claim and the amount due under the original complaint. There is no amount due under the original complaint as the original complaint was dismissed. Any amount owed by appellant for contribution is moot.
Given the fact that the original complaint was dismissed, we find it was an abuse of the trial court's discretion not to grant relief from judgment.
Assignment of Error II is granted.
The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby vacated.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is vacated. Costs to appellees.
Farmer, J.
Hoffman, P.J. and Boggins, J. concur.