DECISION
{¶ 1} Defendant-appellant, Lisa Barclay, appeals from a judgment of the Franklin County Court of Common Pleas denying her motion made pursuant to Civ.R. 60(B) for relief from a prior judgment in favor of plaintiff-appellee, Mortgage Electronic Registration System, Inc. ("MERS").
 {¶ 2} MERS initiated this action with a complaint in foreclosure asserting that it was the owner and holder of a note and mortgage executed by appellant and that appellant had defaulted on the note. The complaint was filed on December 4, 2002, and appellant has not disputed in this appeal that service of the complaint was perfected by publication on May 9, 2003. Prior to this date, however, appellant had filed various pleadings in the trial court, none amounting to an answer, but in substance invoking, inter alia, a lack of jurisdiction in the trial court. MERS filed its motion for default judgment on July 7, 2003. Appellant did not file any specific response thereto. On July 16, 2003, the trial court granted default judgment for MERS. The court found that the sum due under the note was $99,700.37, plus interest from October 1, 2001, that MERS held the valid first lien on the premises, and that sale of the property should be ordered.
 {¶ 3} Appellant filed on October 1, 2003, a motion to vacate the foreclosure judgment, which was denied by decision and entry on November 7, 2003. A notice of appeal from that denial of relief from judgment by the trial court was filed on December 5, 2003, but stricken by this court, and the appeal dismissed because appellant's name did not appear on the notice of appeal; rather, the appeal was brought in the name of Ajamu M. Kafele, whom we found had no standing to bring an appeal in the case.
 {¶ 4} Appellant filed a renewed motion for reconsideration in the trial court on October 19, 2004. The court again denied relief from the foreclosure judgment, and appellant has now brought a notice of appeal, this time in her own name, from that judgment of the trial court.
 {¶ 5} Appellant brings the following sole assignment of error:
The trial court erred to the prejudice of defendant-appellant when it refused to vacate its improperly entered default judgment.
 {¶ 6} Our review of this matter is limited to the trial court's denial of relief from judgment pursuant to Civ.R. 60(B).
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph 2 of the syllabus.
 {¶ 7} A reviewing court will not reverse the trial court's grant or denial of relief from judgment absent an abuse of discretion on the part of the trial court. Id. at 150.
 {¶ 8} Appellant's argument in this appeal is twofold: first, that the trial court's grant of default judgment did not comply with the notice and hearing requirements of Civ.R. 55 and Loc.R. 55.01 of the Franklin County Court of Common Pleas, and second, that she had a meritorious defense warranting relief from judgment in the form of jurisdictional arguments based on the doctrine of lis pendens or application of the Federal Fair Debt Collection Practices Act, Section 1692, et seq., Title 15, U.S. Code ("FDCPA").
 {¶ 9} This court has in some previous cases involving appellant granted reversal for failure to comply with the notice requirements under default judgment rules: Bank of New York v. Barclay (May 20, 2004), Franklin App. No. 03AP-1116 (Memorandum Decision); LaSalle Bank v.Barclay (June 3, 2004), Franklin App. No. 03AP-1150 (Memorandum Decision); GE Mortgage Services, LLC v. Barclay (Aug. 31, 2004), Franklin App. No. 04AP-3 (Memorandum Decision).
 {¶ 10} In a subsequent case, however, Wells Fargo Home Mortgage v.Barclay (Dec. 21, 2004), Franklin App. No. 04AP-478 (Memorandum Decision), reconsideration denied February 3, 2005 (Memorandum Decision), we further specified that the notice and hearing requirements of Civ.R. 55 and Loc.R. 55.01 of the Franklin County Court of Common Pleas will not, in the context of a motion for relief from judgment under Civ.R. 60(B), automatically give rise to reversal of the trial court's entry of default judgment unless the movant has shown, pursuant to the first prong of GTE Automatic Electric that she has a meritorious defense to the judgment. In the present case, appellant raises only the lis pendens and FDCPA jurisdictional defenses that we have on multiple occasions rejected in companion cases. See, e.g., Bank of New York v.Barclay, Franklin App. No. 03AP-844, 2004-Ohio-1217. Because appellant has failed to demonstrate a meritorious defense to the claims for foreclosure, the trial court did not err in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 11} In accordance with the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas denying relief from judgment is affirmed.
Judgment affirmed.
Brown, P.J. and French, JJ., concur.