DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, James L. Syslo, appeals from an order by the Lucas County Court of Common Pleas, Division of Domestic Relations, which denied his motion for relief from judgment on the grounds that it was untimely filed. For the reasons that follow, we affirm.
 {¶ 2} On April 9, 2001, the Lucas County Court of Common Pleas, Division of Domestic Relations, granted appellant, James L. Syslo, and appellee, Cheryl L. Syslo, a judgment of divorce. The decision and judgment entry granting the divorce not only dissolved the marriage between the parties, but also provided allocation of parental rights and responsibilities, divided the marital property, and awarded spousal support and attorney fees.
 {¶ 3} On June 25, 2004 — more than three years after the divorce became finalized — James Syslo filed a motion seeking to set aside the judgment and for other relief, based upon a claim that Cheryl Syslo had deliberately failed to disclose certain earned interest and dividend income that had been acquired during the marriage. On October 8, 2004, he filed a request for hearing on the matter together with a transcript offered in support of his motion.
 {¶ 4} In a judgment entry dated October 25, 2004, the trial court denied Mr. Syslo's motion to set aside the judgment on the grounds that it was untimely filed. It is from this judgment entry that Mr. Syslo appeals, raising the following as his sole assignment of error:
 {¶ 5} "The Court erred in overruling Appellant's Motion to Modify the Final Judgment Entry of Divorce."
 {¶ 6} Civ. R. 60(B) provides the mechanism for obtaining relief from a judgment or order where, as in this case, there are allegations of newly discovered evidence or fraud. Civ. R. 60(B) relevantly states:
 {¶ 7} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 8} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Id.
 {¶ 9} To prevail on a Civ. R. 60(B) motion for relief from judgment, the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 10} In the instant case, appellant failed to specify in his motion under which subsection of Civ. R. 60(B) he was seeking relief. The trial court construed appellant's motion as requesting relief under Civ. R. 60(B)(3), which deals with fraud, misrepresentation or other misconduct of an adverse party. On appeal, appellant states that he is seeking relief under Civ. R. 60(B)(2), which deals with newly discovered evidence.
 {¶ 11} Regardless of which of the two subsections is ultimately deemed applicable, the result is the same: With respect to both Civ. R. 60(B)(2) and (3), the motion for relief from judgment must be made not more than one year after judgment. Civ. R. 60(B); see also, GTE, supra. As pointed out by the trial court and as indicated above, appellant filed his Civ. R. 60(B) motion more than three years after the trial court issued its decision granting the divorce. There is no question but that the motion was untimely filed, and that the trial court was correct in so finding. Accordingly, appellant's assignment of error is found not well taken.
 {¶ 12} The judgment of the Lucas Court of Common Pleas, Division of Domestic Relations, is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellants on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. concur.