{¶ 10} While I concur with Judge Wise as to the disposition of appellant's sole assignment of error, I disagree with Judge Wise as to the analysis of that assignment.
 {¶ 11} Judge Wise, in his decision, holds that the issues raised in appellant's Civ. R. 60(B) motion were cognizable on direct appeal from the trial court's November 7, 2003, entry confirming sale and that appellant could not use a Civ. R. 60(B) motion as a substitute for a timely appeal from such entry.
 {¶ 12} In the case sub judice, pursuant to a Judgment Entry filed on August 7, 2003, appellee was granted judgment against appellant. A Sheriff's Sale was then scheduled for October 10, 2003. After the sale, an entry confirming sale and ordering distribution was filed on November 7, 2003.
 {¶ 13} Thereafter, on February 6, 2004, appellant filed a Motion for Relief from Judgment pursuant to Civ. R. 60(B). Appellant, in his motion, alleged that appellee had acted in such a way as to prevent appellant from exercising his rights under Ohio law. Appellant specifically alleged that appellee "offered [appellant] an opportunity to reinstate this mortgage and during the time that the payments were sent to the Plaintiff the Plaintiff went forward with the sale and confirmation of sale."
 {¶ 14} Appellant, in support of his motion, attached a copy of a letter from appellee to appellant dated October 2, 2003, stating that appellant's mortgage could be reinstated if a total of $10,327.01 was received by appellee by October 15, 2003. Such letter previously had not been filed with the trial court. Thus, the letter, which appellant claims supports his allegations that appellee engaged in misrepresentation and misconduct, was not part of the trial court record at the time the November 7, 2003, Judgment Entry confirming sale was filed. Thus, I disagree with Judge Wise's conclusion that the issues raised in appellant's Civ. R. 60(B) motion were cognizable on direct appeal from the trial court's November 7, 2003, Judgment Entry confirming sale.
 {¶ 15} However, I agree that the trial court did not err in denying appellant's Civ. R. 60(B) motion. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that he has a meritorious defense or claim to present if relief is granted; that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time. GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 16} In the case sub judice, I would find that appellant has failed to demonstrate that he has a meritorious defense or claim to present. The October 2, 2003, letter that appellee sent to appellant stated that appellant's loan could be reinstated if appellee received a certified check from appellant in the amount of $10,327.01 by noon on October 15, 2003. Thereafter, appellant sent appellee a check in the amount of $8,695.76 on October 4, 2003, which was less than the amount required for reinstatement. No further checks were sent by appellant to appellee. Since appellant did not comply with the requirements for reinstatement of his loan, I would find that appellant had failed to establish a meritorious claim or defense.
 {¶ 17} On such basis, I concur with Jude Wise as to the conclusion that the trial court did not err in denying appellant's Civ. R. 60(B) motion for relief from the trial court's November 7, 2003, Judgment Entry ordering confirmation of sale.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
Costs assessed to Appellant.