OPINION
{¶ 1} Gayl Hari and Louis Hari appeal from an order of the Montgomery County Court of Common Pleas, Domestic Relations Division, which denied their motion to seal and/or expunge all records in their domestic relations case subsequent to August 21, 2001.
 {¶ 2} Gayl and Louis Hari were married on June 16, 1966. On January 11,2001, Gayl filed a complaint for divorce. A final judgment and decree of divorce was issued on August 21, 2001. Under the terms of the divorce decree, Gayl was awarded $2,000 per month in spousal support, their property was divided, and Louis was required to perform several tasks to effectuate the property division.
 {¶ 3} On January 15,2002, Gayl filed a motion for contempt, asserting that Louis had failed to comply with the terms of the divorce decree in four respects. A hearing on the motion was held before a magistrate on May 20, 2002. Louis did not attend. On May 30,2002, the magistrate found Louis in contempt for failing to properly convey the Kettering residence to Gayl, for failing to convey the 1994 Ford Crown Victoria to Gayl, for failing to provide written proof that he had applied his Thrift Savings Plan monies to certain debts, and for failing to provide documentation necessary to secure Gayl's interest in his retirement/pension plans. Louis filed objections to the magistrate's ruling, including an assertion that he did not receive notice of the motion and the hearing. On August 5, 2002, the trial court overruled the objections and found Louis to be in contempt.
 {¶ 4} On April 19, 2003, Gayl and Louis jointly filed an "Agreed Court Entry," indicating that the requirements in the contempt order had been fulfilled and requesting an entry purging the finding of contempt. The Haris further stated that the contempt motion was due to the "ill advisement" of Gayl's attorney and that she regretted filing the motion. On May 13,2003, the court filed an entry finding that the contempt was purged.
 {¶ 5} On July 15, 2004, Louis filed a notice of appeal of the May 30, 2002 contempt order. On November 18, 2004, Louis's appeal was dismissed as untimely. Hari v. Hari (Nov. 18, 2004), Montgomery App. No. 20626.
 {¶ 6} On December 1, 2004, Gayl filed a motion to dismiss the contempt findings. In her motion, she set forth facts demonstrating that Louis should not have been held in contempt. She reiterated that she filed the contempt motion because her attorney "threatened [her] into taking that action" and that she "had no reason to believe [Louis] would not comply with any parts of the divorce decree." As for her prayer for relief, she stated: "I hope this document will cause the Court to cancel its contempt findings so that the defendant might once again have a Court record absolutely clear of any wrongfulness associated with our divorce settlement. It is extremely important to the defendant and I that no public record nor a record obtainable by a third party invoking the Freedom of Information Act concerning contempt findings associated with this case ever be released." On January 11,2005, the court overruled the motion as moot, reasoning that a voluntary dismissal must be filed prior to trial in accordance with Civ.R. 41.
 {¶ 7} On August 22,2005, Gayl and Louis jointly filed a motion to expunge and/or seal the records of this case subsequent to August 2001. They indicated that there were, in fact, no violations of the divorce decree and that the contempt motion was filed due to Gayl's attorney's "misunderstanding of elements in the decree and misunderstanding of the Defendant's compliance with said decree." They further assert that Louis did not receive notice of the motion and of the May 20, 2002 hearing. They requested that the portion of the record related to the contempt proceedings be sealed and/or expunged.
 {¶ 8} On December 28, 2005, the trial court overruled the motion to seal or expunge the record. The court found that there is "no statute pertaining to expungement or sealing of a civil contempt finding." This appeal followed.
 {¶ 9} Although the Haris have not set forth an assignment of error as required by App.R. 4 16, the crux of their appeal is that the trial court should have sealed or expunged the records relating to the contempt, despite the fact that "it may be unprecedented." In other words, the Haris claim that the trial court erred in failing to employ judicial expungement.
 {¶ 10} In exceptional circumstances, trial courts have the inherent authority to grant judicial expungement, even of non-criminal court records. See Rieger v. Rieger, 165 Ohio App.3d 454, 2006-Ohio-482. However, the trial court did not err in refusing to do so here because Civ.R. 60(B) may authorize the trial court to vacate the August 5, 2002 judgment finding Louis Hari in contempt.
 {¶ 11} The Haris have not invoked Civ.R. 60(B) in their almost three-year effort to clear Mr. Hari ` s name, but they are not necessarily precluded from doing so under subsections (4,5) of the rule. Although their efforts to date have been ineffectual, they cannot be said to have slept on their rights. Given the facts as recounted above, they may well be able to satisfy the three requirements for relief from judgment under Civ.R. 60(B). See GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, syllabus, para. 2.
 {¶ 12} Finding no error in the trial court's refusal to expunge, its order to that effect will be affirmed.
FAIN, J. and GRADY, J., concur.