OPINION
{¶ 1} Robert P. Swaim is appealing the trial court's refusal to set aside a default judgment entered against him. He assigns a single error for our consideration:
 THE TRIAL COURT ERRED IN DENYING THE MOTION OF DEFENDANT-APPELLANT ROBERT P. SWAIM TO VACATE VOID JUDGMENT AND/OR FOR RELIEF FROM JUDGMENT OR ORDER.
 {¶ 2} On January 25, 2007, Federal Properties Corp. filed a lawsuit against Lane Avenue Travel, Inc. and "R. Patton Swaim." The complaint initiating the lawsuit alleged *Page 2 
that Lane Avenue Travel and Swaim were parties to a lease agreement which had been breached by Lane Avenue Travel. The complaint further alleged that Swaim was the sole shareholder and only officer of Lane Avenue Travel, Inc. Swaim was alleged to have conducted the business of the corporation in such a way as to require piercing of the corporate veil.
 {¶ 3} Service of process of the complaint was initially attempted by certified mail to a private residence for Swaim. The certified mail was returned with the marking "REFUSED."
 {¶ 4} Counsel for Federal Properties Corp. caused service by ordinary mail to be sent on or about March 27, 2007. The ordinary mail was not returned.
 {¶ 5} On June 14, 2007, counsel for Federal Properties Corp. filed a motion for default judgment. On June 19, 2007, default judgment was journalized.
 {¶ 6} On July 12, 2007, counsel for Federal Properties Corp. filed a motion requesting that a judgment debtor examination of Swaim occur on August 3, 2007. Certified mail notice of the order to appear was unclaimed.
 {¶ 7} Garnishment proceedings on an account at Huntington National Bank were commenced in November 2007. Swaim contested the garnishment, alleging that social security benefits were in the account. The document contesting the garnishment was filed December 3, 2007 — almost six months after default judgment had been granted.
 {¶ 8} Six months later yet, counsel for Swaim filed a motion requesting that the default judgment be set aside. The trial judge assigned to the case referred the motion to a magistrate to conduct appropriate proceedings. The magistrate issued a magistrate's decision recommending that relief be denied. *Page 3 
 {¶ 9} Counsel for Swaim filed objections to the magistrate's decision. The objections were overruled.
 {¶ 10} Clearly, Swaim ignored this lawsuit for an extended period of time. After receiving copies of the complaint in the mail, he ignored it. When he learned his bank account was to be garnished, he contested the garnishment but did nothing to attack the underlying judgment for another six months.
 {¶ 11} The judgment against Swaim was, and is, clearly not void. He received valid service of process of a complaint which clearly named him as a party.
 {¶ 12} In arguing that the judgment is voidable, counsel for Swaim raises a series of intricate arguments. However, the arguments needed to be raised far earlier than the 11 month period which elapsed before a motion was filed to set aside the judgment.
 {¶ 13} Civ. R. 60(B) applies. The rule reads:
 Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. *Page 4 
 {¶ 14} Civ. R. 60(B) requires that all such motions be filed "within a reasonable time." We, as an appellate court, give deference to the rulings of the trial court on such motions. We overturn the trial court's ruling only when we find an abuse of discretion. See GTEAutomatic Elec. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, and many cases which have followed it.
 {¶ 15} We cannot say that the trial court abused its discretion by finding that Swaim did not file his Civ. R. 60(B) motion within a reasonable time. We, therefore, overrule the sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur. *Page 1