[Cite as *Resolution Oversight Corp. v. Annashae Corp.*, 2011-Ohio-4127.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
Nos. 96542 and 96543

## RESOLUTION OVERSIGHT CORPORATION

PLAINTIFF-APPELLANT

vs.

## ANNASHAE CORPORATION

DEFENDANT-APPELLEE

JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-741156

**BEFORE:** E. Gallagher, J., Blackmon, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**     August 18, 2011


**ATTORNEYS FOR APPELLANT**

Joseph D. Silvaggio
Timothy J. Chiappetta
Willman & Silvaggio, LLP
5500 Corporate Drive
Suite 150
Pittsburgh, PA    15237

**ATTORNEY FOR APPELLEE**

Mary Davis
Seeley, Savidge, Ebert & Gourash Co.
26600 Detroit Road, 3rd Floor
Cleveland, OH    44145

EILEEN A. GALLAGHER, J.:

{¶ 1}   This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2}   Resolution Oversight Corporation, (hereinafter Resolution) as Special Duty Receiver for Western Indemnity Company (hereinafter Western), appeals from the decision of the trial court denying its motion for relief from judgment.   Finding merit to this appeal, we reverse the decision of the trial court and remand.

**{¶ 3}** In 1998, Western issued a medical malpractice insurance policy to Annashae Corporation (hereinafter Annashae) for the term of July 1, 1998 to June 30, 1999. Following the end of the term, the parties disputed Western's demand for an additional premium payment. In 2003, Resolution was appointed as the Special Deputy Receiver for Western. In 2005, Resolution filed its first claim against Annashae in Cuyahoga County for breach of contract and seeking the additional premium it claimed in 1999. See *W. Indemn. Co. v. Annashae Corp.*, C.P. No. CV-05-577067. On July 31, 2006, Resolution voluntarily dismissed the case without prejudice.

**{¶ 4}** On November 29, 2007, after determining that it could assert subject matter jurisdiction over Annashae in Texas, Resolution re-filed its case, alleging breach of contract and the return of the claimed additional premium in the special receivership court in Travis County, Texas. See *Texas v. W. Indemn. Ins. Co. (Annashae Corp.),* Cuyahoga C.P. No. GV3-02024. Subsequently, the parties engaged in over three years of litigation regarding collection of the alleged additional premium, including the filing of cross-motions for summary judgment. In particular, Annashae's motion for summary judgment alleged a statute of limitations of defense, which if successful, would bar Resolution from collecting the claimed premium.

**{¶ 5}** Prior to the Texas court ruling on Annashae's motion, Resolution filed a motion to sever and stay the case against Annashae so that Resolution could file and pursue a case in Ohio. In particular, Resolution wanted to avail itself of Ohio's 15-year statute of limitations for breach of contract claims. The Texas court granted the motion and on November 12, 2010, Resolution filed the present case against Annashae in the common pleas court. Notably, Resolution is once again alleging breach of contract and seeking the claimed additional premium, claims that have previously been filed and dismissed in Cuyahoga County, Ohio, and that are currently stayed in Travis County, Texas.

**{¶ 6}** On January 26, 2011, Annashae filed a motion to dismiss pursuant to forum non conveniens, improper forum shopping, and Civ.R. 12(B)(1). The trial court granted Annahsae's unopposed motion on February 14, 2011. Resolution filed a motion for relief from judgment on February 24, 2011, which the trial court denied on March 8, 2011. Resolution appeals, raising the three assignments of error contained in the appendix to this opinion.

**{¶ 7}** In its second assignment of error, Resolution claims the trial court abused its discretion when it overruled Resolution's motion for relief from judgment. We agree.

**{¶ 8}** To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment * * *." *GTE Automatic Elec. v. ARC Indus.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

**{¶ 9}** In the present case, Resolution has met all three prongs of the *GTE* test. Primarily, although not addressing Annashae's claims of forum shopping, forum non conveniens, or its statute of limitations defense, Resolution put forth documentation demonstrating a claim of breach of contract in the underlying lawsuit to satisfy the first prong of the test. Next, Resolution attached an affidavit from its counsel, stating that Resolution failed to oppose Annashae's motion because of counsel's mistake, inadvertence, and excusable neglect in miscalculating the response time on Annashae's motion to dismiss. See Civ.R. 60(B)(1). Lastly, Resolution filed its motion for relief from judgment two days after receiving notice that the court granted Annashae's motion to dismiss.

**{¶ 10}** We are not stating that Resolution has a valid breach of contract

claim in the underlying case, nor are we addressing the merits of Annashae's defenses of forum shopping, forum non conveniens, and statute of limitations. We are merely requiring that Resolution be given the opportunity to respond to Annashae's motion to dismiss. Accordingly, we find that the trial court abused its discretion in failing to grant Resolution's motion for relief from judgment.

{¶ 11} Our analysis of Resolution's second assignment of error renders its first and third assignments of error moot.

{¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

## Appendix A

**Assignments of Error:**

"I.   The trial court abused its discretion by failing to provide notice of its intent to dismiss the action as required by Civ.R. 41(B)(1), prior to dismissing the action with prejudice."

"II.   The trial court abused its discretion by denying appellant's motion for relief without holding a hearing or determining the basis for its ruling, and despite appellant satisfying the requirements for relief."

"III.   The trial court abused its discretion by dismissing the case with prejudice and denying appellant's motion for relief because it violated a basic tenet of Ohio jurisprudence that cases should be decided on their merits and not on technicalities."