[Cite as *State Farm Fire & Cas. Co. v. Baumgartner*, 2012-Ohio-4391.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO. | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12-CA-6 |
| DOUGLAS B. BAUMGARTNER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal
                             Court, Case No. 11CVE01995


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 24, 2012


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


STEVEN J. ZEEHANDELAR               DOUGLAS B. BAUMGARTNER, PRO SE
BRITTANY M. HENSLEY                 Bellmont Correctional Institution
c/o Zeehandelar, Sabatino           68518 Bannock Rd.
& Associates, L.L.C.                P.O. Box 540
471 E. Broad St., Sutie 1500        St. Clairsville, Ohio 43950
Columbus, Ohio 43215

*Hoffman, J.*

{¶1} Defendant-appellant Douglas B. Baumgartner appeals the November 1, 2011 Judgment Entry entered by the Licking County Municipal Court, which denied his Motion to Set Aside Judgment. Plaintiff-appellee is State Farm Fire & Casualty Co.

STATEMENT OF THE CASE AND FACTS

{¶2} On August 4, 2011, State Farm filed a Complaint in the Licking County Municipal Court. The Complaint sought damages for monies paid by State Farm to Elizabeth T. Koegle, its insured, as the result of Appellant committing a theft offense against Koegle. Appellant filed a timely Answer.

{¶3} The trial court scheduled the matter for bench trial on September 22, 2011. Appellant, who was, and currently is, incarcerated at Belmont Correction Institution, did not appear at trial. The trial court granted judgment in favor of State Farm via Judgment Entry filed September 22, 2011.

{¶4} On October 5, 2011, Appellant filed a Motion to Set Aside Judgment Pursuant to Ohio Rules of Civil Procedure 55(B) and 60(B). The trial court scheduled the matter for oral hearing on October 27, 2011. Appellant did not appear at the hearing. Via Judgment Entry filed November 1, 2011, the trial court denied Appellant's motion.

{¶5} It is from this judgment entry Appellant appeals, assigning as error:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR RELIEF FROM A DEFAULT JUDGMENT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)."

{¶7} Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

{¶8} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Co., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio

St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5.

{¶9} Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *GTE* at 148, 351 N.E.2d 113.

{¶10} In his motion for relief from judgment, Appellant argued the September 22, 2011 Judgment Entry, which granted judgment in favor of State Farm, should be vacated as he never received notice of the bench trial and, as of the date of the filing of his 60(B) motion, had not received a copy of the judgment entry. Appellant did not allege a meritorious defense to State Farm's Complaint.

{¶11} As stated supra, in order to be entitled to relief under Civ.R. 60(B), Appellant, as movant, was required to demonstrate he had a meritorious defense to present if relief is granted. The underlying Complaint in the case sub judice alleged State Farm had paid Koegle, one of its insured, on a policy of insurance for losses the insured suffered after Appellant committed a theft offense against her. Appellant was, therefore, required to show he had a meritorious defense to such claim. However, in his 60(B) motion, Appellant failed to state or allege a meritorious defense to such claim.

{¶12} Appellant's failure to allege a meritorious defense is fatal to his motion for relief from judgment.

{¶13} Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE FARM FIRE & CASUALTY CO. :
               :
  Plaintiff-Appellee      :
               :
-vs-             :     JUDGMENT ENTRY
               :
DOUGLAS B. BAUMGARTNER   :
               :
  Defendant-Appellant     :     Case No. 12-CA-6

For the reason stated in our accompanying Opinion, the judgment of the Licking County Municipal Court is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE