OPINION
{¶ 1} Defendant Luis A. Irizzary-Romero appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which overruled his motion for relief from the court's earlier judgment. The order in question required him to pay $50 per month for the three minor children of his marriage with plaintiff Malita Irizzary-Romero. Appellant assigns a single error to the trial court:
 {¶ 2} "I. ONCE A COURT DECIDES A MATTER STARE DECISIS PRECLUDES REVISITING THE ISSUE PREVIOUSLY DECIDED."
 {¶ 3} In its judgment entry overruling the motion made pursuant to Civ. R. 60 (B), the trial court found appellant failed to file an answer to appellee's complaint for divorce, and did not provide information regarding his income or other pertinent matters. The magistrate issued a temporary order regarding child support and other issues, and appellant filed no objection. Appellant did not attend the final divorce hearing or send a representative.
 {¶ 4} It appears there was an earlier child support order entered in a parentage action. In that action, the court found appellant did not have to pay child support while he was incarcerated, so long as his children were receiving Social Security benefits.
 {¶ 5} In overruling appellant's motion, the court noted child support orders are reviewed and modified on a regular basis.
 {¶ 6} In order to prevail on a motion brought pursuant to Civ. R. 60 (B), the movant must demonstrate: the party has a meritorious defense or claim to present if the relief is granted; the party is entitled to relief under one of the grounds stated in Civ. R. 60 (B)(1) through (5); and the motion is made within a reasonable time, see GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St. 2d 146.
 {¶ 7} In his motion for relief, appellant cites Civ. R. 60(B) (1), mistake, inadvertence, surprise, or excusable neglect. Appellant argues the court's entry must qualify as inadvertent, because it conflicts with the earlier order providing for no support. We note the rule is usually construed as referring to the movant's own mistake, inadvertence, surprise, or excusable neglect rather than to an error of the court.
 {¶ 8} We find the trial court did not err in finding Ohio's statutory scheme provides guidelines for a court to establish and to modify support orders. Appellant may move the court to modify his support obligation pursuant to R.C. 3119.84 if there is a change in circumstances such that the order is no longer appropriate.
 {¶ 9} The assignment of error is overruled.
 {¶ 10} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.