{¶ 27} I would reverse the court's decision to grant relief from judgment under Civ.R. 60(B) for two reasons.
 {¶ 28} First, Denise Collins did not file her motion for relief from judgment in a timely manner. She asserted surprise under Civ.R. 60(B)(1), which required that the motion for relief from judgment be filed within one year of the judgment. She did not file her motion until two years after the nunc pro tunc entry — well outside the rule. The failure to satisfy any of the elements under GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, is fatal to a motion for relief from judgment. On this basis alone the court erred by granting relief from judgment.
 {¶ 29} Second, the majority undermines the purpose of a nunc pro tunc entry under Civ.R. 60(A) by affirming the court's decision to grant relief from judgment. While it is true that no scrivener's error occurred in the initial judgment, the nunc pro tunc judgment was entirely appropriate since it reflected the true name of the party against whom judgment had been entered. There is no doubt that Denise now goes by the name "Pulice." In fact, our case caption lists Denise's name as "Pulice." Civ.R. 60(A) is therefore the perfect method for changing the court's judgment to reflect this reality. Had Denise's name been misspelled, there would be no doubt that the court could and should correct the misspelling. By changing the judgment to reflect that Denise's name is now "Pulice," the court would have effectuated the same correction without making any substantive changes to the judgment itself.
 {¶ 30} Denise's attempts to block the name change appear to be nothing more than a tactic designed either to delay execution of the judgment against her or to harass Michael Collins. Civ.R. 1(B) states that the rules should be "construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Using Civ.R. 60(A) to change Denise's name from "Collins" to "Pulice" is a sensible application of the rule that, in this case, would eliminate unnecessary expense. I respectfully submit that the majority's decision runs contrary to this stated policy. I respectfully dissent.