DECISION AND JUDGMENT
{¶ 1} Appellant brings this accelerated appeal from a judgment of the Sylvania Municipal Court in a contract dispute. For the following reasons, we affirm the trial court.
 {¶ 2} Appellant, Karl C. Maunz, leased a 2007 Cadillac from appellee, Taylor Cadillac, on June 11, 2007. According to the terms of the lease agreement, appellee was *Page 2 
credited $5,000 for his 1993 Cadillac Allante trade-in ("trade"). Appellee maintained that it agreed to the $5,000 credit because appellant indicated that he knew of a buyer who would ultimately purchase the vehicle. At trial, appellee submitted into evidence an agreement, signed by appellant, to purchase the trade back, for $5,000, if the buyer for the vehicle did not come to fruition within 30 days.
 {¶ 3} On August 15, 2007, one of appellee's employees sent appellant a letter stating that no buyer had come forward and appellant was obligated to re-purchase the trade by August 24, 2007, or the vehicle was to be disposed of through appellee's normal course of business.
 {¶ 4} On December 4, 2007, appellee sold the trade at auction for $2,100. Appellee notified appellant of the $2,900 deficiency on January 8, 2008. When appellant failed to compensate appellee, on February 29, 2008, it filed the underlying small claim complaint to recover the loss.
 {¶ 5} Following a June 24, 2008 trial, the court found for appellee and awarded damages of $2,900, plus costs, and statutory interest. A subsequent Civ. R. 60(B) motion to vacate the judgment was denied on August 7, 2008. It is from the denial of this motion that appellant now brings this appeal.
 {¶ 6} Appellant sets forth the following two assignments of error:
 {¶ 7} "I. The trial court erred in entering judgment on a complaint that statutorily failed to commence an action before the court. *Page 3 
 {¶ 8} "II. The trial court erred in failing to grant defendant's Civil Rule 60(B) motion to vacate the judgment entered on a complaint that statutorily failed to commence an action before the court."
 {¶ 9} In his first assignment of error, appellant argues that the rules of civil procedure are inapplicable to small claims court actions brought under R.C. Chapter 1925. Appellant cites Civ. R. 1(C)(4) for making this assertion.
 {¶ 10} Civ. R. 1 defines the scope of the applicability of the rules. Civ. R. 1(C)(4) provides that "[t]hese rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925
Revised Code. * * *" Thus, the Rules of Civil Procedure govern unless they are in direct conflict with R.C. Chapter 1925. R.C. 1925.16.
 {¶ 11} According to appellant, in order to "commence" an action in small claims court, a party must submit a verified complaint that satisfies the requirements of R.C. 1925.04, and not Civ. R. 3(A). Civ. R. 3(A) requires only that the complaint be filed with the court and service had for a civil action to be commenced. R.C. 1925.04(B) requires that the claim be in writing and signed by the plaintiff or the plaintiffs attorney under oath. Appellant insists that appellee's complaint was not properly signed by appellee or its lawyer and, as a result, the case was never properly commenced.
 {¶ 12} While we agree with appellant that R.C. 1925.04 conflicts with Civ. R. 3 and would thus prevail in this matter, we disagree that the requirements of the statute have not been met. The complaint was in writing, signed by appellee's attorney and *Page 4 
stated the amount and nature of appellee's claim, the parties' places of residence, and the military status of the appellant. Appellant maintains, however, that because there is only one notarized oath when there are attorney signatures below both the complaint and the military affidavit, the statute is not satisfied. We disagree.
 {¶ 13} The statute requires that the writing which constitutes the small claims complaint "* * * be signed by the plaintiff, or the plaintiffs attorney, under oath." R.C. 1925.04(B). The military affidavit is also ordinarily signed under oath. Here both signatures appear on the same page with a single notary jurat below. In our view, this is an acceptable format. To hold otherwise would be to elevate the hypertechnical. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 14} Appellant's second assignment of error is, in part, a variation of his first. Appellant complains that the trial court erred in denying his motion for relief from judgment because the suit had not been properly commenced due to the lack of a second notary jurat. Since we have already determined that the small claims complaint was not defective, the trial court properly denied relief from judgment on this premise.
 {¶ 15} Appellant also claimed that his signature on the lease agreement submitted at trial was forged and that the document had been altered. This was a matter litigated at trial upon which appellant did not prevail. As the trial court noted, while this may form the basis of an appeal, it is not one of the prerequisite bases to a successful Civ. R. 60(B) motion. See GTE Automatic Elec. Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, *Page 5 
paragraph two of the syllabus. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} Of consideration whereof, the judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1